Submitted May 8, reversed and remanded June 17, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICAH ISAIAH RHODES,
*Defendant-Appellant.*

Washington County Circuit Court
17CR09421;
A168695 (Control), A168795

466 P3d 1068

Janelle F. Wipper, Judge.

Kenneth A. Kreuscher filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

In one of these consolidated appeals, defendant was convicted of second-degree sexual abuse, ORS 163.425, by nonunanimous jury verdict and was sentenced to probation. ORS 163.425. The second appeal concerns the subsequent revocation of defendant's probation. Defendant contends that the trial court's acceptance of a nonunanimous verdict constitutes plain error under the Sixth Amendment to the United States Constitution. In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Court concluded that nonunanimous jury verdicts violate the Sixth Amendment. In *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised discretion to correct that error in light of the gravity of the error and because failure to raise the issue in the trial court did not weigh heavily against correction of the error because the trial court would not have been able to correct the error under controlling law.

The state concedes that the trial court's acceptance of a nonunanimous verdict in this case constitutes plain error and that the error affects both the original conviction and the probation revocation. For the reasons set forth in *Ulery*, we exercise our discretion to correct the error in this case.

Reversed and remanded.