Argued and submitted May 6, reversed and remanded June 17, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOMINIC ANDREW HAWK,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR17672; A168406

466 P3d 1068

Gregory F. Silver, Judge.

Sara F. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant was convicted by nonunanimous jury verdict of driving under the influence of intoxicants. ORS 813.010. Defendant argues that the trial court's acceptance of a nonunanimous verdict constitutes plain error under the Sixth Amendment to the United States Constitution. In *Ramos v. Louisiana*, 590 US \_\_\_, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Court concluded that nonunanimous jury verdicts violated the Sixth Amendment. In *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised discretion to correct that error in light of the gravity of the error and because failure to raise the issue in the trial court did not weigh heavily against correction as the trial court would not have been able to correct the error under controlling law.

The state concedes that the trial court's acceptance of a nonunanimous verdict in this case constitutes plain error. Defendant explained at oral argument that reversal of his conviction based on this error would obviate the need to address his other arguments. For the reasons set forth in *Ulery*, we exercise our discretion to correct the error in this case.

Reversed and remanded.