Submitted January 8, reversed February 18, 2021

In the Matter of R. C. S.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

R. C. S.,
*Appellant.*

Lane County Circuit Court
20CC04079; A174331

481 P3d 1032

Clara L Rigmaiden, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment of the trial court committing him to the custody of the Oregon Health Authority for a period not to exceed 180 days and prohibiting him from purchasing or possessing firearms. *See* ORS 426.130. He asserts that the trial court plainly erred in failing to advise him of all of the possible outcomes of the commitment proceeding, as ORS 426.100(1) requires, in particular, the possibilities of voluntary treatment or conditional release. The state concedes that the court erred in that regard and that the judgment should be reversed. We agree and accept the state's concession. *State v. M. M.*, 288 Or App 111, 116, 405 P3d 192 (2017) (trial court's failure to advise appellant of all of the possible results of civil commitment proceeding is plain error). And, for the reasons stated in *M. M.*—that is, "the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice"—we exercise our discretion to correct the error. *Id.*; *see also State v. M. L. R.*, 256 Or App 566, 570-71, 303 P3d 954 (2013) (holding that the "failure to provide a person with all of the information required by ORS 426.100(1) constitutes an egregious error that justifies plain error review"). Accordingly, we reverse the judgment.

Reversed.