Submitted January 11; conviction on Count 3 reversed and remanded, remanded for resentencing, otherwise affirmed February 18, 2021

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MIGUEL GRANO DAMIAN,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR61279; A171313

481 P3d 1032

Leslie M. Roberts, Judge.

Blake Doré and Doré Law Firm, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for two counts of felony fourth-degree assault (domestic violence), Counts 1 and 3. Over defendant's objection, the trial court instructed the jury that it could return nonunanimous verdicts. The jury's verdict on Count 1 was unanimous; its verdict on Count 3 was not. On appeal, defendant argues that the trial court's instruction was erroneous and that the error requires the reversal of both convictions.

As the state concedes, under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the trial court's instruction violated defendant's rights under the Sixth and Fourteenth Amendments to the United States Constitution. Under *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), that error requires reversal of defendant's conviction on Count 3 because the verdict on that count was not unanimous. Under *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), however, the instructional error does not entitle defendant to reversal of his conviction on Count 1, because the verdict on that count was unanimous.

Conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.