Argued and submitted August 18; decision of Court of Appeals affirmed in part and reversed in part, judgment of circuit court affirmed in part and reversed in part, and case remanded to circuit court for further proceedings
December 24, 2020

STATE OF OREGON,
*Respondent on Review,*

*v.*

CHARLES WESLEY KINCHELOE,
*Petitioner on Review.*

(CC 17CR48475) (CA A167760) (SC S067611)

478 P3d 507

At defendant's trial, the jury was instructed that it could return nonunanimous guilty verdicts. The jury returned three guilty verdicts, two of which were unanimous and one of which was nonunanimous. The Court of Appeals affirmed defendant's convictions. *Held*: (1) Under *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), the instructional error was harmless beyond a reasonable doubt as to the convictions based on unanimous verdicts, so those convictions must be affirmed; and (2) under *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), the conviction based on the nonunanimous verdict must be reversed, regardless of whether defendant preserved an objection.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.

En Banc

On review from the Court of Appeals.*

Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, Salem, argued the cause and filed the briefs for petitioner on review. Also on the briefs were Ernest G. Lannet, Chief Defender, and Joshua B. Crowther, Deputy Public Defender.

Doug M. Petrina, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. Also on the brief were Ellen F. Rosenblum, Attorney, General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General.

_____

* On appeal from Jackson County Circuit Court, Timothy Barnack, Judge. 302 Or App 654, 458 P3d 736 (2020).

Scott Sell, Thomas, Coon, Newton & Frost, Portland, filed the brief on behalf of *amicus curiae* Street Roots.

Jonathan Zunkel-deCoursey, Schwabe, Williamson & Wyatt, P.C., Portland, filed the brief on behalf of *amicus curiae* Immigrant and Refugee Community Organization. Also on the brief was Jeanice Chieng, Immigrant and Refugee Community Organization, Portland.

Cody Hoesly, Larkins Vacura Kayser LLP, Portland, filed the brief on behalf of *amici curiae* NAACP Corvallis Branch #1118, NAACP Eugene-Springfield Branch, #1119, NAACP Portland Chapter 1120B, and NAACP Salem-Keizer Branch #1166.

Timothy Wright, Tonkon Torp LLP, Portland, filed the brief for *amicus curiae* Don't Shoot Portland. Also on the brief was J. Ashlee Albies, Albies & Stark, Portland.

Nathan R. Morales, Perkins Coie LLP, Portland, filed the brief on behalf of *amici curiae* The Coalition of Communities of Color and Latino Network. Also on the brief was Misha Isaak.

Aliza B. Kaplan filed the brief on behalf of *amicus curiae* Criminal Justice Reform Clinic at Lewis & Clark Law School. Also on the brief was Sarah Laidlaw.

GARRETT, J.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.

**GARRETT, J.**

In this case, we again address the application of the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), which held that the Sixth Amendment requires a jury to be unanimous in order to convict a defendant of a serious offense.

Defendant was charged with several offenses, including first-degree rape, first-degree sodomy, and fourth-degree assault. Defendant's case was tried to a 12-person jury in 2018, prior to the Supreme Court's decision in *Ramos*. While formulating jury instructions, the trial court asked defendant whether he wished to object to the instruction that the jury could return a nonunanimous verdict, stating, "All the defense attorneys are doing that now." Defense counsel responded, "That's fine." There was no further discussion of the issue. The jury was instructed that "10 or more jurors must agree on the verdict." The jury found defendant guilty of first-degree rape, first-degree sodomy, and fourth-degree assault. Defendant requested that the trial court poll the jury. The trial court conducted the poll by distributing slips of paper to each juror. On each slip, under the words "I voted for this verdict," were the words "Yes" and "No," accompanied by lines for jurors to mark. The poll revealed that the jury had unanimously convicted defendant of the sodomy and assault charges but that it had divided 11 to one on the rape count.

Defendant appealed, assigning error to the non-unanimous jury instruction and to the receipt of the nonunanimous verdict.[1] Defendant conceded that he had not preserved that assignment of error, and he asked the Court of Appeals to conduct plain error review. In a decision issued before the Supreme Court's decision in *Ramos*, the Court of Appeals affirmed defendant's convictions without opinion. *State v. Kincheloe*, 302 Or App 654, 458 P3d 736 (2020).

Defendant filed a petition for review, which, after the Supreme Court decided *Ramos*, we allowed. Defendant

---

[1] Defendant raised another assignment of error concerning the denial of a motion for a judgment of acquittal on one count, but that issue is beyond the limited scope of the question that we allowed review to address.

argues that *Ramos* requires that all his convictions, including the two convictions based on unanimous verdicts, be reversed. As to those latter convictions, he first contends that the nonunanimous jury instruction was a structural error, which always requires reversal. In the alternative, he argues that, even if the error is subject to a harmlessness analysis, the poll of the jury is insufficient to establish that the jury instruction was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967) (establishing the "harmless beyond a reasonable doubt" standard for harmless error for federal constitutional violations). In addition, defendant argues that his challenge to the nonunanimous jury instruction qualifies for plain error review, and that this court should reverse defendant's convictions regardless of whether he objected to the jury instruction in the trial court.

The state concedes that defendant's single conviction based on a nonunanimous verdict must be reversed, but it argues that the instructional error is harmless with respect to the two convictions based on unanimous verdicts.

One additional wrinkle has emerged. In the Court of Appeals, defendant conceded that he had not preserved his assignment of error. In his briefing in this court, though, defendant argues that his exchange with the trial court was sufficient to preserve an objection to the nonunanimous jury instruction. The state appears to concede that defendant preserved his assignment of error.

Our decision in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), also issued today, resolves nearly all the questions in this case. In *Flores Ramos*, the defendant made identical arguments that the jury instruction permitting nonunanimous verdicts was structural error and that it could not be held harmless error even if it were subject to a harmlessness analysis. 367 Or at 297. *Flores Ramos* held that instructing the jury that it could return a nonunanimous guilty verdict was not a structural error. *Id.* at 319. It also held that, where the jury poll reveals that the jury unanimously found the defendant guilty of the charged offense, the nonunanimous jury instruction can be held harmless beyond a reasonable doubt. *Id.* at 320. *Flores Ramos* rejected

the defendant's narrower argument that, where the jury returned both unanimous and nonunanimous guilty verdicts, the instructional error could not be held harmless as to the unanimous verdicts because the jury's deliberation would have been cut short. *Id.* at 333-34. And we also rejected the defendant's argument that a jury poll could not reliably show that the jury's verdict was unanimous. *Id.* at 324.

The principal difference between this case and *Flores Ramos* is the possible lack of preservation. However, whether defendant preserved a challenge to the nonunanimous jury instruction is not, in light of *Flores Ramos*, a dispositive question in this case. Even assuming that defendant preserved an objection to the jury instruction, we conclude that that error was harmless as to the two convictions based on unanimous verdicts, for the same reasons that we affirmed the convictions based on unanimous verdicts in *Flores Ramos*. We therefore affirm defendant's convictions for first-degree sodomy and fourth-degree assault without deciding whether defendant adequately preserved an objection to the nonunanimous jury instruction.

As to defendant's nonunanimous conviction for first-degree rape, we would reverse that conviction even if defendant had failed to preserve an objection. The trial court plainly erred in receiving that verdict. *See State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020) (holding that receipt of a nonunanimous guilty verdict for a nonpetty offense constitutes plain error in light of *Ramos*). As we explained in *Ulery*, the receipt of a nonunanimous guilty verdict is the type of plain error that an appellate court should exercise its discretion to review, and it is an error that cannot be found harmless. *Id.* at 504. Therefore, again without addressing whether defendant preserved his assignment of error, we reverse defendant's conviction for first-degree rape.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.