Submitted April 2, 2020; supplemental judgment reversed, otherwise affirmed January 13, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TERRY JOSEPH FULLER,
*Defendant-Appellant.*

Washington County Circuit Court
17CR61292; A167791

480 P3d 313

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

PER CURIAM

Supplemental judgment reversed; otherwise affirmed.

**PER CURIAM**

On appeal, defendant challenges judgments entered after he was convicted of three counts of first-degree sodomy, ORS 163.405, and one count of luring a minor, ORS 167.057. Defendant makes three assignments of error: (1) the trial court erred in overruling defendant's pretrial objection to double hearsay not covered by OEC 803(18a)(b); (2) the court plainly erred in instructing the jury that it could return nonunanimous verdicts; and (3) the court erred in awarding $1,678 in restitution to CARES NW.

Defendant first argues that the trial court erred in overruling defendant's pretrial objection to Officer Schwartz's testimony about what another child, D, told him that the victim had told her about defendant's abuse. Invoking the analysis of the dissenting opinion in *State v. Simon*, 294 Or App 840, 433 P3d 835 (2018), *rev den*, 365 Or 502 (2019), defendant contends that the testimony was hearsay not made admissible by the exception in OEC 803(18a)(b) because Schwartz was not testifying to a statement of abuse told directly to him. *See Simon*, 294 Or App at 880-82 (Shorr, J., dissenting) (concluding that OEC 803 (18a)(b) does not permit a witness to testify to another person's hearsay statements about a third person's statements regarding abuse and rejecting the majority's conclusion that any error was harmless, obviating the need to reach the issue). Defendant further contends that any error was not harmless.

The state responds that the hearsay exception covers Schwartz's testimony and that the reasoning in the *Simon* dissenting opinion is incorrect. Further, the state argues that any error is harmless largely because D testified directly to the same information. Similar to the majority in *Simon*, we agree with the state that any possible error in this case is harmless because the erroneously admitted testimony was cumulative and not qualitatively different than other admitted evidence. *See id.* at 853-54 (concluding evidentiary error was harmless when erroneously admitted evidence was cumulative of other evidence admitted without objection).

Defendant next argues that the trial court committed structural error when it instructed the jury that it could return nonunanimous verdicts and that that alleged structural error requires reversal notwithstanding the fact that the jury's verdicts were unanimous. That argument fails under *State v. Flores Ramos*, 367 Or 292, 294, 334, 478 P3d 515 (2020) (holding that error in instructing the jury that it could return nonunanimous guilty verdicts did not require reversal of convictions rendered by unanimous guilty verdicts), and *State v. Kincheloe*, 367 Or 335, 339, 478 P3d 507 (2020) (same).

Finally, the state concedes, and we agree and accept the concession, that the trial court erred in awarding restitution to CARES NW because it was not a victim entitled to restitution under ORS 137.103. *State v. White*, 296 Or App 445, 450-51, 439 P3d 569, *rev den*, 365 Or 195 (2019) (concluding that CARES NW was not entitled to restitution because it did not suffer economic damages under ORS 137.103).

Supplemental judgment reversed; otherwise affirmed.