On appellant's petition for reconsideration filed April 28, appellant-cross-respondent's supplemental brief filed July 1, and respondent-cross-appellant's supplemental brief filed July 14, 2020, reconsideration allowed, former disposition and opinion (303 Or App 504, 465 P3d 255) withdrawn; on appeal, conviction on Count 1, first degree sodomy, reversed and remanded, remanded for resentencing, otherwise affirmed; on cross-appeal, affirmed January 27, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*
*Cross-Appellant,*

*v.*

JOHN JOSEPH RIDEOUT,
*Defendant-Appellant.*
*Cross-Respondent.*

Marion County Circuit Court
16CR46282;
A164575 (Control), A164556

480 P3d 337

Defendant petitions for reconsideration of the Court of Appeals' decision in *State v. Rideout*, 303 Or App 504, 465 P3d 255 (2020), in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that nonunanimous jury verdicts violate the Sixth Amendment to the United States Constitution). Defendant contends that, on reconsideration, the court should reverse his conviction for first-degree sodomy, ORS 163.405, because it was based on a nonunanimous jury verdict. Defendant also contends that, if the court reverses his conviction for first-degree sodomy, it should withdraw its prior opinion, because the trial court will lack the authority on resentencing to impose a 25-year sentence under ORS 137.690 for his remaining conviction of first-degree rape, ORS 163.375. The state concedes that, under *Ramos*, the trial court plainly erred in accepting a nonunanimous verdict on defendant's sodomy charge, and that defendant is entitled to reversal and a new trial for that charge. *Held*: The Court of Appeals agrees with and accepts the state's concession as to defendant's sodomy conviction. The court also withdraws its prior opinion, because the trial court will no longer have the authority to sentence defendant to a mandatory minimum sentence of 25 years under ORS 137.690.

Reconsideration allowed; former disposition and opinion withdrawn. On appeal, conviction on Count 1, first degree sodomy, reversed and remanded; remanded for resentencing; otherwise affirmed. On cross-appeal, affirmed.

Thomas M. Hart, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, for petition and supplemental brief.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, for supplemental brief.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

TOOKEY, J.

Reconsideration allowed; former disposition and opinion withdrawn. On appeal, conviction on Count 1, first degree sodomy, reversed and remanded; remanded for resentencing; otherwise affirmed. On cross-appeal, affirmed.

**TOOKEY, J.**

Defendant petitions for reconsideration of our decision in *State v. Rideout*, 303 Or App 504, 465 P3d 255 (2020). For the reasons explained below, we allow defendant's petition, withdraw our former opinion and disposition, reverse and remand Count 1, remand for resentencing, and otherwise affirm.

The state charged defendant with first-degree sodomy, ORS 163.405, based on his conduct against T in 2016 (Count 1). Defendant was also charged with one count of first-degree rape, ORS 163.375, based on his conduct against S in 2013 (Count 2). The trial court instructed the jury that it could return nonunanimous verdicts, and the jury found defendant guilty of both counts. The trial court received a nonunanimous guilty verdict for Count 1, based on an 11-1 vote, and a unanimous guilty verdict for Count 2.

Defendant's first-degree rape and sodomy convictions triggered the mandatory sentencing provisions of ORS 137.690. As we explained in *State v. Carey-Martin*, 293 Or App 611, 613, 430 P3d 98 (2018), that statute "imposes a mandatory minimum term of 25 years [(300 months)] for a person who has been convicted of more than one 'major felony sex crime.'" The term "major felony sex crime" is defined to include first-degree rape and first-degree sodomy. ORS 137.690(b). Moreover, that statute provides that a "previous conviction" includes "a conviction in the same sentencing proceeding if the conviction is for a separate criminal episode * * *." ORS 137.690(c). Because defendant was convicted of two "major felony sex crime[s]" that arose from "separate criminal episode[s]," ORS 137.690 required the trial court to sentence defendant to a "mandatory minimum term of 25 years," unless that sentence was unconstitutionally disproportionate. The trial court concluded that the mandatory minimum term of 25 years was unconstitutionally disproportionate and sentenced defendant to the mandatory minimum 100-month sentence required for each conviction of first-degree rape and first-degree sodomy under ORS 137.700. The trial court imposed those 100-month sentences consecutively, stating that a 200-month sentence "is appropriate under the law."

On appeal, we rejected all of defendant's assign-ments of error. *Rideout*, 303 Or App at 506. The state cross-appealed, arguing that the trial court erred when it concluded that the 25-year mandatory minimum sentence under ORS 137.690 for defendant's first-degree sodomy and first-degree rape convictions was unconstitutional to impose on defendant. *Id*. Given the severity of defendant's crimi-nal conduct, together with his history of sexually assaulting vulnerable victims, we concluded that this was not "'one of the rare cases in which Article I, section 16, precludes impo-sition of the legislatively mandated sentence.'" *Id*. (quoting *State v. Horseman*, 294 Or App 398, 414, 432 P3d 258 (2018), *rev den*, 364 Or 723 (2019)). Accordingly, we reversed and remanded for resentencing. *Id*.

Defendant petitions for reconsideration in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), because the trial court had instructed the jury that it could return nonunanimous verdicts, and because it received a verdict for Count 1, first-degree sodomy, based on an 11-1 vote. In *Ramos*, the Court concluded that nonunanimous jury verdicts violate the Sixth Amendment, and that the "Sixth Amendment's unanimity requirement" is "incorporated against the States under the Fourteenth Amendment." *Id*. at 590 US ___, 140 S Ct 1390, 1397, 206 L Ed 2d 583 (2020); *see also State v. Ulery*, 366 Or 500, 503-04, 464 P3d 1123 (2020) (concluding that a trial court's acceptance of a nonunanimous felony verdict constitutes plain error under *Ramos* and exercising discretion to correct that error). Pursuant to *Ramos*, defendant contends that, on reconsideration, we should reverse both counts because the nonunanimous jury instruction consisted of structural error that affected both convictions or, alternatively, that we should reverse Count 1 because the verdict on that count was not unanimous. He further notes that if we reverse Count 1, we should withdraw our prior opinion because the trial court will lack the authority on resentencing for Count 2, first-degree rape, to impose a 25-year sentence under ORS 137.690.

The state filed notice with the court in which it con-ceded that, under *Ramos*, the trial court plainly erred in accepting a nonunanimous felony verdict on Count 1, and

that defendant is entitled to reversal and a new trial on Count 1. We agree and accept the state's concession and, for the reasons set forth in *Ulery*, we exercise our discretion to correct the error. With respect to defendant's structural error argument and his contention that he is entitled to reversal of his conviction on Count 2, we reject that argument for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), and *State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020).

Moreover, we withdraw our prior disposition and opinion in which we concluded that the trial court erred by not imposing the 25-year mandatory minimum sentence under ORS 137.690. As noted, defendant's first-degree rape conviction and first-degree sodomy conviction triggered the mandatory sentencing provisions of ORS 137.690, because ORS 137.690 authorizes a mandatory minimum sentence of 25 years only if defendant has one or more previous convictions for major felony sex crimes. In light of our reversal of Count 1 pursuant to *Ramos*, the trial court will no longer have the authority to sentence defendant to a mandatory minimum sentence of 25 years under ORS 137.690 on Count 2, because defendant has only one major felony sex crime conviction remaining.

Reconsideration allowed; former disposition and opinion withdrawn. On appeal, conviction on Count 1, first degree sodomy, reversed and remanded; remanded for resentencing; otherwise affirmed. On cross-appeal, affirmed.