Submitted September 29, 2020; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed February 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT DAVID DUKE,
*Defendant-Appellant.*

Washington County Circuit Court
18CR72489; A170110

480 P3d 324

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Eric Johansen, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted by jury verdict of first-degree robbery (Count 1), ORS 164.415, and second-degree robbery (Count 2), ORS 164.405. The jury was instructed that its verdicts need not be unanimous, which was error under the Sixth Amendment to the United States Constitution. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). The jury was unanimous as to Count 2, but it was not unanimous as to Count 1.

On appeal, defendant argues that the trial court plainly erred in giving the nonunanimous jury instruction, that the error was structural error, and that both of his convictions therefore should be reversed. The state concedes that defendant is entitled to reversal on the nonunanimous count. We agree and accept the concession, and we exercise discretion to correct the error for the reasons set forth in *State v. Ulery,* 366 Or 500, 464 P3d 1123 (2020). As for defendant's structural error argument concerning the remaining conviction, he makes the same arguments that were rejected in *State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020), and its companion cases. We therefore reject defendant's arguments regarding Count 2.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.