Submitted June 25, 2020; in case 17CR81016, Count 4 reversed and remanded, remanded for resentencing, otherwise affirmed; in case 17CR80321, affirmed February 10, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SALVADOR GUIDO LEDESMA,
*Defendant-Appellant.*

Marion County Circuit Court
17CR81016, 17CR80321;
A169123 (Control), A169124

481 P3d 414

Mary Mertens James, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Eric Johansen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

In case 17CR81016, Count 4 reversed and remanded; remanded for resentencing; otherwise affirmed. In case 17CR80321, affirmed.

## PER CURIAM

In one of these consolidated cases, defendant was convicted on one count of second-degree unlawful sexual penetration (Count 1), three counts of first-degree sexual abuse (Counts 2, 3, and 4), and one count of second-degree rape (Count 5).[1] The jury was unanimous on all counts except Count 4. Defendant argues on appeal that the trial court plainly erred in instructing the jury that it could return nonunanimous verdicts, and in accepting a nonunanimous verdict on Count 4. Defendant also challenges the constitutionality of his sentence. The state concedes that defendant's conviction on Count 4, which is based on a nonunanimous verdict, must be reversed in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We agree and accept that concession, and exercise our discretion to correct the error for the reasons set forth in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020). Our reversal on that count obviates the need to address defendant's sentencing argument.

Defendant also argues that his remaining convictions should be reversed based on the erroneous nonunanimous verdict instruction. We reject that argument for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), and *State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020), in which the court concluded that the erroneous nonunanimous jury instruction was harmless with respect to unanimous verdicts.

In case 17CR81016, Count 4 reversed and remanded; remanded for resentencing; otherwise affirmed. In case 17CR80321, affirmed.

---

[1] Defendant does not challenge his conviction in the other consolidated case.