Submitted October 19, 2020, affirmed February 18, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GEORGE MATTHEW VIDA,
*Defendant-Appellant.*

Yamhill County Circuit Court
18C43763, 16CR55252;
A169630 (Control), A169638

481 P3d 1029

Ladd J. Wiles, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John P. Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Beth Andrews, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this consolidated appeal, defendant contests his conviction of criminal mischief in the first degree, ORS 164.365 (Count 1); criminal mischief in the second degree, ORS 164.354 (Count 2); and two counts of criminal trespass in the second degree, ORS 164.245 (Counts 3 and 4). As a result of those convictions, defendant was found to have violated probation from an earlier conviction. On appeal, defendant claims, in three assignments of error, that the trial court erred by (1) denying his motion for substitution of counsel, (2) providing a jury instruction allowing nonunanimous verdicts, and (3) relying on the faulty convictions to find that defendant violated probation imposed for earlier convictions. We reject the first assignment of error without written discussion, and, for the reasons described below, we also reject the second and third assignments.

In the second assignment, defendant asserts that instructing the jury that it could return nonunanimous verdicts constitutes a structural error requiring reversal.[1] After the United States Supreme Court ruled against nonunanimous verdicts for serious offenses in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that providing a nonunanimous jury instruction is not a structural error that categorically requires reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury's verdict is unanimous for each count notwithstanding the nonunanimous instruction, the Oregon Supreme Court has determined that the erroneous instruction is harmless beyond a reasonable doubt. *State v. Kincheloe*, 367 Or 335, 339, 478 P3d 507 (2020). We therefore reject the second assignment of error. Because defendant's third assignment depends on a determination of reversible error as to the first or second assignment, the third assignment fails.

Affirmed.

---

[1] Although defendant's assignment as to the nonunanimous jury instruction encompasses both felony and misdemeanor jury verdicts, because, in this case, all the verdicts were unanimous, we need not address any argument as to the applicability of *Ramos* to Class C misdemeanors.