Submitted October 19, 2020, affirmed February 18, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARY ELLEN INGRAM SILER,
aka Mary Siler,
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR42161; A169312

481 P3d 1030

Thomas O. Branford, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant was found guilty by unanimous jury verdict on two counts of driving under the influence of intoxicants (DUII) in violation of ORS 813.010(5) (Counts 1 and 4) and convicted in a bench trial of various misdemeanors that are not at issue on appeal. Defendant argues, in four assignments of error, that the trial court erred by (1) denying the motion for judgment of acquittal for Count 1, (2) using the DUII conviction from Count 1 to inform the sentencing for Count 4, (3) applying the incorrect criminal history classification to determine a sentence, and (4) providing jury instructions allowing nonunanimous verdicts. We reject without written discussion assignments one through three.

In the fourth assignment, defendant asserts that instructing the jury that it could return nonunanimous verdicts constitutes a structural error requiring reversal. After the United States Supreme Court ruled against nonunanimous verdicts for serious offenses in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that providing a nonunanimous jury instruction is not a structural error that categorically requires reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury's verdict is unanimous for each count notwithstanding the nonunanimous instruction, the Oregon Supreme Court has determined that the erroneous instruction is harmless beyond a reasonable doubt. *State v. Kincheloe*, 367 Or 335, 339, 478 P3d 507 (2020). Therefore, we reject defendant's fourth assignment of error.

Affirmed.