Argued and submitted November 22, 2019; convictions on Counts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 reversed and remanded, remanded for resentencing on Count 2, otherwise affirmed April 7; petition for review denied July 16, 2021 (368 Or 402)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JEREMY LEE JOHNS,
*Defendant-Appellant.*

## Lincoln County Circuit Court
## 17CR30473; A166953

484 P3d 1096

Defendant was convicted of first-degree sexual abuse, ORS 163.427 (Count 2), by a unanimous jury verdict. He was convicted on 12 other counts by nonunanimous verdicts. At sentencing, the trial court merged Counts 2 and 3. On appeal, defendant raises six assignments of error, three of which relate to the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Although he was convicted by a unanimous verdict on Count 2, defendant argues that the trial court's merger of Counts 2 and 3 calls into question the validity of Count 2, and that his conviction on Count 2 should therefore be reversed and remanded. *Held*: First, it was plainly erroneous for the trial court to accept the jury's nonunanimous verdicts, and the Court of Appeals exercised its discretion to correct that error for the reasons set forth in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020). Second, the trial court's merger of Counts 2 and 3 did not call into question the unanimous verdict on Count 2, so there was no reason to reverse and remand that conviction. Third, although it was plainly erroneous for the trial court to instruct the jury that it could return nonunanimous verdicts, the Court of Appeals declined to exercise its discretion to correct that error as to the unanimous verdict on Count 2 because the error was harmless beyond a reasonable doubt. *State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020). Additionally, the court rejected defendant's other assignments of error without written discussion.

Convictions on Counts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 reversed and remanded; remanded for resentencing on Count 2; otherwise affirmed.

Sheryl Bachart, Judge.

Frances J. Gray argued the cause and filed the briefs for appellant.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Convictions on Counts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 reversed and remanded; remanded for resentencing on Count 2; otherwise affirmed.

**MOONEY, J.**

Defendant was convicted of first-degree sexual abuse, ORS 163.427, as alleged in Count 2, by unanimous vote of the jury. He was convicted of all other counts by less than unanimous vote of the jury. The trial court merged Count 3 with Count 2 and Count 4 with Count 1 at the time of sentencing. On appeal, defendant raises six assignments of error—three in his opening brief and three in his supplemental brief.

We reject defendant's first, second, and third assignments of error without discussion. We address the fourth, fifth, and sixth assignments of error below.

Defendant's assignments of error in his supplemental brief each relate to the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). In his fourth assignment, defendant assigns error to the trial court's instruction to the jury that it could convict defendant by a nonunanimous verdict. In his fifth assignment, he assigns error to the court's acceptance of nonunanimous verdicts on Count 1 and Counts 3 through 13. In his sixth assignment, he assigns error to the court's merger of Count 3, which was based on a nonunanimous verdict, with Count 2, which was based on a unanimous verdict. He acknowledges that he did not preserve any of those assignments of error but argues that we should review the trial court's rulings as plain error and exercise our discretion to correct them.

Beginning with the fifth assignment, we agree with defendant that the trial court's acceptance of nonunanimous verdicts on Count 1 and Counts 3 through 13 was plainly erroneous. *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020). For the reasons set forth in *Ulery*, it is appropriate for us to exercise our discretion to correct that error, and we reverse and remand on those counts.

Turning to defendant's merger argument in his sixth assignment of error, he asserts that because the conduct alleged in support of Count 2 was part of the same course of conduct as the conduct alleged in support of Count 3, the jury's "unanimous verdict on count 2 is suspect." And,

for that reason, we understand defendant to argue that we should also reverse and remand defendant's conviction on Count 2. The issue is better framed as whether the nonunanimous verdict on Count 3 calls into question the unanimous verdict on Count 2. We conclude that it does not.

Although Counts 2 and 3 were part of the same course of conduct, and although they were both alleged as first-degree sexual abuse, the state alleged distinct conduct in each count. In Count 2, the state alleged that defendant subjected the victim, J, to sexual contact by touching J. In Count 3, the state alleged that defendant subjected J to sexual contact by causing J to touch defendant. Those circumstances would have made it appropriate to merge Counts 2 and 3 (had Count 3 been unanimous) pursuant to ORS 161.067(3) due to lack of "sufficient pause" between the offenses, but we see no reason to reverse Count 2 given that the conduct that the state alleged was distinct from the conduct that it alleged in Count 3, and given that the jury was unanimous as to its verdict on Count 2.

Finally, with regard to defendant's fourth assignment, we agree that it was plainly erroneous for the trial court to instruct the jury that it could return a nonunanimous verdict. *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020). However, for the reasons explained in *State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020), we decline to exercise our discretion to correct that error as to Count 2 because the error was harmless beyond a reasonable doubt. As noted, the jury's verdict was unanimous as to that count. Accordingly, we affirm defendant's conviction on Count 2.

Convictions on Counts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 reversed and remanded; remanded for resentencing on Count 2; otherwise affirmed.