Argued and submitted April 2; conviction on Count 5 reversed and remanded, remanded for resentencing, otherwise affirmed May 5; petition for review denied August 26, 2021 (368 Or 514)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RICHARD ROBERT MERSHON,
*Defendant-Appellant.*

Yamhill County Circuit Court
17CR78725; A171325

489 P3d 626

John L. Collins, Judge.

Stephen A. Houze argued the cause and filed the briefs for appellant. Also on the opening brief was Jacob G. Houze.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Conviction on Count 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction on two counts of attempted murder (Counts 1 and 5), one count of first-degree assault (Count 2), three counts of menacing (Counts 4, 7, and 12), two counts of unlawful use of a weapon (Counts 6 and 11), one count of fourth-degree assault (Count 8), and two counts of harassment (Counts 9 and 10). The charges stemmed from his conduct at a restaurant where he had too much to drink. After employees tried to help defendant home, he sexually harassed the employees, punched a bystander and a restaurant employee, shot at two people who tried to intervene, hitting one of them (and also shooting his own hand), before threatening another bystander who tried to help the person he had shot. The jury's guilty verdicts on the charged conduct were unanimous on all but Count 5.

Defendant raises seven assignments of error, and we begin by addressing his second and third assignments, in which he contends that the trial court erred by instructing the jury that it could return nonunanimous verdicts on all counts, and by then accepting a nonunanimous verdict on Count 5. The state concedes that the court's jury instruction and receipt of a nonunanimous verdict constituted reversible error with regard to Count 5, and we agree that the conviction on Count 5 must be reversed and remanded for that reason. *See State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020) (receipt of a nonunanimous guilty verdict for a nonpetty offense constitutes reversible error). Any instructional error regarding unanimity as to the remaining counts, on which the jury returned unanimous verdicts, was not structural error and was harmless beyond a reasonable doubt. *See State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020); *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020).

Turning to defendant's first assignment of error, he argues that the trial court erred in granting the state's motion to admit statements he made to a detective while at the hospital where he was being treated for his hand injury. Defendant argues that he unequivocally invoked his right to counsel at the scene, and that the later interrogation at the hospital violated his rights under Article I, section 12,

of the Oregon Constitution and the Fifth Amendment to the United States Constitution. We agree with the state that defendant reinitiated the conversation with the detective and, after *Miranda* warnings were re-administered, waived his right to counsel before any interrogation.

Defendant's fifth assignment of error challenges the denial of his motions for judgment of acquittal on Counts 1 through 6, on the ground that "[t]he evidence, even in the light most favorable to the state, clearly demonstrated that defendant was extremely intoxicated and no rational jury could find that he formed the requisite mental state of 'intent.'" We agree with the state that the evidence was sufficient to allow a jury to find that defendant acted intentionally.

Defendant's remaining assignments (fourth, sixth, and seventh) raise claims of error that were not preserved in the trial court and do not constitute plain error that we would exercise our discretion to correct.

Conviction on Count 5 reversed and remanded; remanded for resentencing; otherwise affirmed.