Submitted May 29, 2020, affirmed July 21, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARLOS FLORES AQUINO,
*Defendant-Appellant.*

Washington County Circuit Court
18CR53314; A169447

496 P3d 21

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Kistler, Senior Judge.

PER CURIAM

Affirmed.

## PER CURIAM

The state charged defendant with a felony (unlawful use of a weapon) and two misdemeanors (menacing and second-degree criminal trespass). The jury acquitted defendant of the felony but unanimously convicted him of the two misdemeanors. On appeal, defendant assigns error to the nonunanimous jury instruction that the trial court gave and to the amount of the attorney fees that the trial court awarded. We affirm.

On the first assignment of error, the trial court instructed the jury, without objection, that "ten or more jurors must agree on your verdict." As noted, the jury unanimously found defendant guilty of the two misdemeanors and acquitted him of the felony. On appeal, defendant argues that the trial court's nonunanimous jury instruction was a plain error, a structural error, or both. We agree that the instruction was erroneous. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020); *State v. Heine*, 310 Or App 14, 21, 484 P3d 391 (2021). However, because the jury unanimously found defendant guilty of the two misdemeanors, the error was harmless. *See State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020), *cert den*, ___ US ___, 141 S Ct 2837, 210 L Ed 2d 951 (2021).

On the second assignment of error, defendant challenges the amount of the attorney fees that the trial court assessed him at sentencing. The record discloses that defendant was represented by a court-appointed attorney and that the attorney's office bills $650 for a case involving a felony and $400 for a case that involves a misdemeanor but no felony. When the court assessed defendant $650 in attorney fees, his lawyer asked whether the fee should be $400 because defendant had been acquitted of the felony. The court explained that the attorney's office had billed $650, and defendant's attorney said, "Okay. Just wanted to make sure. Thank you, Judge."

On appeal, defendant argues that, because he was acquitted of the felony charge and convicted only of the two misdemeanors, the court should have assessed him $400 rather than $650 in attorney fees. As defendant acknowledges, there may be some question as to whether he preserved

his challenge to the amount of fees assessed. However, even if defendant preserved that issue, our decision in *State v. Kreis*, 294 Or App 554, 432 P3d 245 (2018), *rev'd on other grounds*, 365 Or 659, 451 P3d 954 (2019), resolves it. It establishes that the trial court was authorized to assess him the fees associated with defending the felony charge even though he was acquitted of that charge and only convicted of the two misdemeanors.[1]

Affirmed.

---

[1] Defendant acknowledged in his opening brief that our decision in *Kreis* is controlling but noted that, when he filed his brief, the Supreme Court had allowed review in *Kreis* and had not yet issued its decision. When the Supreme Court later decided *Kreis*, it did not question our resolution of the issue in *Kreis* that this case presents.