614 July 3, 2024 No. 466

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN JOSEPH RIDEOUT,
*Defendant-Appellant.*

Marion County Circuit Court
16CR46282; A179674

Thomas M. Hart, Judge.

Submitted May 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. John Joseph Rideout filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

A jury convicted defendant of first-degree sodomy, ORS 163.405 (Count 1), and first-degree rape, ORS 163.375 (Count 2). In his first and second assignments of error, defendant argues that the trial court erred in denying his motion to dismiss the second amended indictment and his motion for reconsideration. In his third assignment of error, defendant argues that the trial court misunderstood the scope of its sentencing authority. For the reasons explained below, we reject those arguments. We also reject without discussion the assignments of error raised in defendant's *pro se* supplemental brief. We therefore affirm.

## PROCEDURAL FACTS

In July 2016, the state filed an indictment charging defendant with two counts of first-degree rape.[1] Each count identified a different victim and was based on a different theory. Count 1 alleged that defendant engaged in sexual intercourse with T in 2016, who was "incapable of consent by reason of physical helplessness." Count 2 alleged that defendant engaged in sexual intercourse with S in 2013 "by forcible compulsion."

Based on the evidence presented to the grand jury, the prosecutor sought to change Count 1 from first-degree rape to first-degree sodomy, and the case was returned to the grand jury.[2] The grand jury voted to amend Count 1 to allege first-degree sodomy, but the amended indictment erroneously changed the theory from physical helplessness to forcible compulsion. To correct that error, the prosecutor required the grand jury foreperson to return to authorize

---

[1] As relevant here, a person who has sexual intercourse with another person commits the crime of rape in the first degree if "[t]he victim is subjected to forcible compulsion by the person," ORS 163.375(1)(a), or "[t]he victim is incapable of consent by reason of mental incapacitation, physical helplessness or incapability of appraising the nature of the victim's conduct," ORS 163.375(1)(d).

[2] As relevant here, a person who engages in oral or anal sexual intercourse with another person or causes another to engage in oral or anal sexual intercourse commits the crime of sodomy in the first degree if "[t]he victim is subjected to forcible compulsion by the actor," ORS 163.405(1)(a), or if "[t]he victim is incapable of consent by reason of mental incapacitation, physical helplessness or incapability of appraising the nature of the victim's conduct," ORS 163.405(1)(d).

a second amendment indictment, changing the theory in Count 1 back to physical helplessness.

Defendant moved to dismiss the second amended indictment arguing that he deserved an opportunity to appear before the grand jury pursuant to ORS 132.320(12) (a).[3] Defendant also argued that the second amended indictment made a material change that should have been resubmitted to the full grand jury.

At the hearing on the motion to dismiss, the trial court determined that ORS 132.320(12)(a) did not apply because the change had been from indictment to indictment, not from information to indictment. Regarding whether there had been a material change, the prosecutor explained that when seeking the grand jury's approval of the change from rape to sodomy, she did not offer any new evidence and that it was a scrivener's error to change the theory in Count 1 to forcible compulsion. The trial court denied the motion to dismiss because the grand jury heard no additional testimony, and defendant was not prejudiced by the amendment.

The case proceeded to trial, and a jury found defendant guilty of both counts. However, the verdict on Count 1, which charged first-degree sodomy, was based on an 11-1 vote. At sentencing, the trial court declined to impose the mandatory minimum prison term of 25 years in prison for the rape conviction under ORS 137.690,[4] ruling that it was constitutionally disproportionate as applied in the circumstances of this case, and the court instead imposed 100-month consecutive sentences, but we reversed that decision on appeal. *State v. Rideout*, 303 Or App 504, 513-24, 465

---

[3] ORS 132.320(12)(a) provides, in part, that "[a] defendant who has been arraigned on an information alleging a felony charge that is the subject of a grand jury proceeding and who is represented by an attorney has a right to appear before the grand jury as a witness if, prior to the filing of an indictment, the defense attorney serves upon the district attorney written notice requesting the appearance."

[4] ORS 137.690(a) provides that "[a]ny person who is convicted of a major felony sex crime, who has one (or more) previous conviction of a major felony sex crime, shall be imprisoned for a mandatory minimum term of 25 years." ORS 137.690(b) provides, in part, that first-degree sodomy and first-degree rape are "major felony sex crimes." ORS 137.690(c) provides, in part, that "previous conviction" includes "a conviction in the same sentencing proceeding if the conviction is for a separate criminal episode ***."

P3d 255 (2020) ("*Rideout I*"), *withdrawn and superseded on recons*, *State v. Rideout*, 308 Or App 689, 480 P3d 337, *rev den*, 368 Or 561 (2021) ("*Rideout II*").

Shortly thereafter, the United States Supreme Court issued its opinion in *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), determining that nonunanimous jury verdicts violate the Sixth Amendment. Because the jury's verdict on Count 1 was not unanimous, we allowed reconsideration, withdrew *Rideout I*, and we reversed and remanded defendant's conviction on Count 1. *Rideout II*, 308 Or App at 691.

On remand, defendant was retried, and he sought reconsideration of his motion to dismiss the second amended indictment. The motion for reconsideration was denied. After a second trial on Count 1, a jury found defendant guilty of first-degree sodomy by a vote of 12-0. The trial court sentenced defendant to 300 months in prison on Count 1 pursuant to ORS 137.690, concurrent to his 100-month sentence for his previous conviction of first-degree rape.

## ANALYSIS

In his first two assignments of error, defendant argues that the trial court erred by denying his motion to dismiss and his motion for reconsideration because the change to the second amended indictment was substantive, and it should have been resubmitted to the full grand jury.

We review amendments to indictments for errors of law. *State v. Long*, 320 Or 361, 370, 885 P2d 696 (1994), *cert den*, 514 US 1087 (1995). Article VII (Amended), section 5(6), of the Oregon Constitution, provides, in part, that "[t]he district attorney may file an amended indictment * * * whenever, by ruling of the court, an indictment * * * is held to be defective in form." Such amendments are permissible when the change is one of form, but not when the change is substantive. *State v. Wimber*, 315 Or 103, 113, 843 P2d 424 (1992). A substantive change is one that "alter[s] the essential nature of the indictment against defendant, alter[s] the availability to him of defenses or evidence, or add[s] a theory, element, or crime[.]" *Id.* at 114.

Here, defendant argues that the amendment was substantive because it added a new theory, changing the theory of criminal liability in Count 1 from forcible compulsion to physical helplessness. We are not persuaded that the second amended indictment contained a substantive change. Instead, it corrected a scrivener's error. When the grand jury returned to consider changing Count 1 from rape to sodomy, they did not hear new evidence, and they were not instructed on the theory of forcible compulsion in relation to Count 1. Instead, the state's theory of criminal liability in relation to Count 1 had always been that that victim was incapable of consent by reason of physical helplessness. Therefore, as the prosecutor explained it, she was obliged "to amend the indictment to correctly reflect what the [grand] jury was presented because, in fact, they had not actually been given any evidence on a forcible compulsion sodomy."

We agree with the state's analysis. The constitutional requirement that the grand jury must approve amendments on matters of substance is designed, among other things, to ensure that "the charge presented against a defendant was based on the facts found by the grand jury." *Long*, 320 Or at 370 (internal quotation marks omitted). Here, the grand jury originally indicted defendant in Count 1 on a theory of physical helplessness, and there was no intention to change that theory when Count 1 was changed from rape to sodomy. The indictment was amended a second time to correct that scrivener's error, which did not require resubmitting the case to the full grand jury. Defendant was not misled regarding the theory of criminal liability in Count 1, and he suffered no prejudice as a result of the amendment. The trial court did not err when it denied defendant's motion to dismiss and his motion for reconsideration. We therefore reject defendant's first two assignments of error.

In his third assignment, defendant argues that the trial court erred by imposing a 300-month prison term for Count 1. In *Rideout I*, 303 Or App at 506-24, we described the circumstances of defendant's crimes against the two victims, addressed whether a sentence of 300 months in prison would be constitutionally disproportionate as applied to the circumstances of this case by applying each of the factors

articulated by the Supreme Court in *State v. Rodriguez/ Buck*, 347 Or 46, 217 P3d 659 (2009), and we concluded that the imposition of the legislatively mandated sentence would not be unconstitutionally disproportionate under the circumstances. Here, defendant argues that the trial court misunderstood its authority to consider whether a 300-month sentence on Count 1 was disproportionate as applied because, at the time of sentencing, our decision in *Rideout I* had been withdrawn.

Assuming without deciding that that argument was preserved, we are not persuaded that the trial court misunderstood its authority, or that it viewed itself as obliged to follow a withdrawn opinion. Instead, at the sentencing hearing, defendant anticipated that the trial court would impose the sentence required by ORS 137.690, but defendant reiterated that he viewed that sentence as unconstitutionally disproportionate as applied. The trial court responded by describing the unusual procedural history of the case and, after hearing statements from the victims, the trial court acknowledged that the circumstances were very difficult for the victims. Then, the trial court ruled that it would impose the sentence required by ORS 137.690.

ORS 137.690(c) provides, in part, that "previous conviction" includes "a conviction in the same sentencing proceeding if the conviction is for a separate criminal episode ***." The trial court observed that ORS 137.690(c) applied because it had already sentenced defendant for his rape conviction in Count 2, which occurred years before the sodomy incident, and which involved a different victim. By imposing a concurrent sentence of 300 months in prison on Count 1, and by acknowledging how difficult the situation was for the victims, we view the trial court as having rejected defendant's argument that that sentence was disproportionate as applied. In so ruling, the trial court did not rely on a withdrawn opinion, and we discern no error in the trial court's decision to impose a concurrent sentence of 300 months in prison on Count 1.

Affirmed.