850 March 18, 2026 No. 210

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SALVADOR GUIDO LEDESMA,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
22CV32549; A185075

W. D. Cramer, Jr., Senior Judge.

Submitted February 19, 2026.

Margaret Huntington and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Lagesen, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner appeals a judgment denying him post-conviction relief. The state charged petitioner, who was 26 years old at the time of the events, with several sex crimes arising out of his abuse of a 13-year-old girl who was his neighbor. After a jury trial, petitioner was convicted of one count of second-degree unlawful sexual penetration (Count 1), three counts of first-degree sexual abuse (Counts 2, 3, and 4), and one count of second-degree rape (Count 5). On appeal, we reversed one count of first-degree sexual abuse (Count 4) because the verdict was not unanimous on that count. *State v. Ledesma*, 309 Or App 350, 351, 481 P3d 414, *rev den*, 368 Or 561 (2021). On remand, the trial court dismissed the count and imposed the same sentence based on the other convictions. Petitioner then sought post-conviction relief arguing inadequate and ineffective assistance of counsel. The post-conviction court denied relief, and we affirm.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result of counsel's inadequacy." *Johnson v. Premo*, 361 Or 688, 699, 701, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

A petitioner establishes prejudice by demonstrating that counsel's deficient performance "could have tended to affect" the outcome of the proceeding. *Richardson v. Belleque*, 362 Or 236, 266, 406 P3d 1074 (2017) (citing *Green v. Franke*, 357 Or 301, 323, 350 P3d 188 (2015)). That standard "demands more than mere possibility, but less than probability." *Id.* (quoting *Green*, 357 Or at 322). Under the

federal standard, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green*, 357 Or at 312. In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id.*

In this case, having considered the parties' arguments and the findings of the post-conviction court, we conclude that the court did not err in denying post-conviction relief because petitioner failed to show prejudice. As relevant here, petitioner's claim of inadequate and ineffective assistance of counsel related to trial counsel's response to a question asked by the prosecutor about access to defendant's phone. The prosecutor asked a detective whether the defense could have provided information to access the contents of petitioner's phone, and the detective responded, "Absolutely." Defense counsel immediately objected to the question as burden shifting. The trial court stated that the question was not appropriate, the prosecutor withdrew it, and the parties moved on to another topic.

In seeking post-conviction relief, petitioner argues that his trial counsel should have done more; he argues that counsel should have objected on other grounds, moved to strike, requested a curative instruction, or moved for a mistrial. Even assuming *arguendo* that trial counsel's performance fell short of the constitutional standard, we conclude that the post-conviction court did not err because petitioner failed to show prejudice.

We do not think that the prosecutor's question and the detective's response were likely to have affected the jury's verdict, viewed in the context of the trial as a whole. The

question and response were brief and passing, and the jury was not presented with a theory on which that evidence was probative. No party subsequently called the jury's attention to the question and response. The evidence pointing directly to petitioner's guilt was ample, and it included admissions by him. To the extent that petitioner suggests that there is some likelihood that the jury relied on the prosecutor's question and the detective's response to infer petitioner's consciousness of guilt, that also is unlikely in view of the ample other evidence that more directly indicated petitioner's consciousness of guilt. In particular, when the police were investigating, petitioner first told the police that he never sent the victim any text messages. But at trial, petitioner admitted that in doing so he had lied to the police. And petitioner also admitted that he deleted his text messages with the victim from his phone. Based on that evidence, we are not persuaded that petitioner suffered prejudice from a brief reference to petitioner's failure to provide the police with access to his phone, especially because trial counsel objected to the question and the prosecutor withdrew it. *See, e.g.*, *Wright v. Nooth*, 264 Or App 329, 334, 336 P3d 1, *rev den*, 356 Or 517 (2014) (explaining that in assessing prejudice we consider "the evidence presented by both the state and petitioner at the criminal trial").

Regarding petitioner's claim that trial counsel should have requested a curative instruction, it is not clear what instruction defendant would have requested, and, considering how the case was tried and the other evidence in the case, petitioner has not established that the failure to request an instruction could have affected the outcome. The post-conviction court did not err in determining that petitioner did not prove prejudice, so we affirm the judgment denying post-conviction relief.

Affirmed.