On petition for review filed October 10, 2019, considered and under advisement May 21;* petition for review allowed, decision of Court of Appeals reversed, judgment of circuit court reversed, and case remanded to circuit court for further proceedings June 4, 2020

STATE OF OREGON,
*Respondent on Review,*

*v.*

ADRIAN JAMES ULERY,
*Petitioner on Review.*

(CC 17CR79026) (CA A166945) (SC S067084)

464 P3d 1123

Defendant was convicted of two crimes based on nonunanimous guilty verdicts. On appeal, he raised an unpreserved Sixth Amendment challenge to those convictions. The Court of Appeals affirmed without opinion. After the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the state conceded that defendant's challenge to his convictions qualified for plain error review. *Held*: (1) As the state conceded, defendant's Sixth Amendment challenge to his convictions qualified for plain error review; (2) the court would exercise its discretion to review the error; (3) the error in receiving nonunanimous verdicts required reversal of defendant's convictions.

The petition for review is allowed. The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

En Banc

Kali Montague, Deputy Public Defender, Salem, filed the petition for petitioner on review. Also on the petition was Ernest G. Lannet, Chief Defender.

No appearance *contra*.

PER CURIAM

The petition for review is allowed. The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

_____

* Appeal from Polk County Circuit Court, Monte S. Campbell, Judge. 299 Or App 279, 449 P3d 590 (2019).

## PER CURIAM

In 1934, Article I, section 11, of the Oregon Constitution was amended to permit "ten members of the jury" to "render a verdict of guilty or not guilty, save and except a verdict of guilty of first degree murder." Since then, Oregon courts have routinely received guilty verdicts by a vote of 10 to two or 11 to one. The United States Supreme Court upheld that outlier practice in *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972), but defendants have continued to object, arguing that *Apodaca* was infirm. In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the United States Supreme Court agreed, overruling *Apodaca*; concluding that the jury trial guarantee of the Sixth Amendment to the United States Constitution includes "a right to a unanimous verdict," *id.* at ___, 140 S Ct at 1402; and holding that that right is incorporated into and made applicable to the states through the Due Process Clause of the Fourteenth Amendment, *id.* at ___, 140 S Ct at 1397. *Ramos* leaves no doubt that our state's acceptance of nonunanimous guilty verdicts must change and that the convictions in many such cases now on appeal must be reversed. This case presents the question of whether a defendant is entitled to reversal even where the challenge to a nonunanimous verdict was not preserved in the trial court and was raised for the first time on appeal—that is, whether such a challenge may be raised as a "plain error" that an appellate court should exercise its discretion to correct. We conclude that the answer is yes.

Defendant was charged with two counts of first-degree sexual abuse, and he exercised his right to trial by jury. He did not object to the jury being instructed that it could return a nonunanimous guilty verdict; his list of requested jury instructions included the uniform criminal jury instruction for a verdict in a felony case, an instruction that—consistent with Oregon law—informed the jury that 10 votes to convict, from a jury of 12, were sufficient for a guilty verdict. The jury convicted defendant of both counts. At defendant's request, the jury was polled, revealing that

both verdicts were nonunanimous. The trial court, without objection from defendant, received the verdicts.

Defendant appealed, assigning error to the jury having been instructed that it could return a nonunanimous verdict and to the receipt of nonunanimous verdicts. Defendant acknowledged that he had not preserved the issue in the trial court, but he requested plain error review. The Court of Appeals—before *Ramos* was decided—affirmed without opinion. *State v. Ulery*, 299 Or App 279, 449 P3d 590 (2019).

After *Ramos* issued, the state, through a letter to the court and a notice filed in this case, conceded that, because defendant's convictions were based on nonunanimous verdicts, they could not be sustained in light of the Supreme Court's holding in *Ramos*. The state also conceded that the issue would qualify as plain error under ORAP 5.45(1) and advised this court that, if we were to exercise our discretion to correct the unpreserved error, we should reverse defendant's convictions and remand for a new trial. For the reasons that follow, we accept the state's concession, exercise our discretion to review the error, and reverse defendant's convictions.

As an initial matter, we consider whether the fact that defendant requested the uniform instruction informing the jury that it could return a nonunanimous guilty verdict makes any error invited. *See State v. Harris*, 362 Or 55, 67, 404 P3d 926 (2017) ("As this court has long held, invited error is no basis for reversal."). Although the doctrine of invited error can apply when a party requests an instruction and later assigns error to that very instruction, we decline to apply it under these circumstances. Defendant sought a standard instruction that correctly expressed Oregon law at the time of his trial. Defendant's request for the jury instruction was not the source of the error, nor did it make the error more likely. Even if defendant had not requested the instruction, Oregon law required that instruction and also required the trial court to receive any jury verdict supported by 10 votes. For that reason, it cannot be said that "defendant was actively instrumental in bringing [the error]

about." *Anderson v. Oregon Railroad Co.*, 45 Or 211, 217, 77 P 119 (1904).

When a party has failed to preserve an assignment of error, we consider that error only if it is plain. ORAP 5.45(1). "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). The state concedes that those conditions are met here, and, for the following reasons, we accept that concession. The error in receiving the jury's nonunanimous guilty verdicts was an error of law and, after *Ramos*, an obvious one. Whether an error occurred is generally determined by the law at the time of the appellate decision, and nothing in our cases or the text of ORAP 5.45(1) indicates that plain error review incorporates its own nonretroactivity rule. *See State v. Zavala*, 361 Or 377, 380 n 1, 393 P3d 230 (2017) ("When used to describe a trial court's ruling that was not erroneous under existing law, the term 'plain error' is a misnomer; it does not imply any mistake by a trial court. Instead, it is a label that an appellate court uses when it decides that a party is entitled to a benefit of a change in the law."); *Griffith v. Kentucky*, 479 US 314, 107 S Ct 708, 93 L Ed 2d 649 (1987) (federal constitutional decisions apply retroactively to cases on direct appeal).

Because the jury was polled, the error was also one that appeared on the record, without requiring competing inferences. Unlike in *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006), nothing in the record supports an inference that the trial court's receipt of nonunanimous verdicts was anything other than a violation of the constitution.

Even when the foregoing conditions are satisfied, the decision whether to review a plain error rests with the discretion of the appellate court. "That discretion entails making a prudential call that takes into account an array of considerations[.]" *Vanornum*, 354 Or at 630. Factors to consider in making that decision include

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention;

and whether the policies behind the general rule requir-
ing preservation of error have been served in the case in
another way, *i.e.*, whether the trial court was, in some man-
ner, presented with both sides of the issue and given an
opportunity to correct any error."

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823
P2d 956 (1991). We conclude that the nature of the error in
this case is such that an appellate court ordinarily should
review it.

Here, given the trial court's inability to correct the
error under controlling law, the fact that it was not given
an opportunity to do so does not weigh heavily. *Cf. State
v. Fults*, 343 Or 515, 523 n 5, 173 P3d 822 (2007) (giving
weight to that factor where, "had the matter been called to
the judge's attention, we have no reason to think that the
judge would not have followed correct procedure"). And the
error is a grave one, different in kind from the violation of
*Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed
2d 403 (2004), that we held did not justify an exercise of
discretion in *State v. Ramirez*, 343 Or 505, 513, 173 P3d
817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179
P3d 673 (2008). There, we concluded that erroneously hav-
ing certain findings made by the trial judge rather than a
jury was not a grave error when "no reasonable factfinder
(whether a judge or a jury) could conclude" differently. *Id.* at
513. Here, members of the jury necessarily could—because
they did—conclude that the state had failed to prove its case
against defendant beyond a reasonable doubt. For the same
reason, defendant has a significant interest in a new trial
before a jury properly instructed that it must be unanimous
to convict. And, though the state has a competing interest
in avoiding the expense and difficulty associated with a
retrial, the balance weighs in defendant's favor.

We also accept the state's concession that the error,
when reviewed, is one that requires reversal of defendant's
conviction. Assuming that a harmless error analysis
applies, the receipt of a nonunanimous verdict cannot be
found "harmless beyond a reasonable doubt." *Chapman v.*

*California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967) (setting forth the harmless error standard applicable to violations of the federal constitution). We therefore reverse the decision of the Court of Appeals, reverse defendant's judgment of conviction, and remand this case to the trial court.

The petition for review is allowed. The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.