Argued and submitted September 30, 2019; in 16CR73753, reversed and remanded; in 17CR26529, affirmed June 17, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID JACKSON LaRUE,
aka David J. LaRue,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR73753, 17CR26529;
A166941 (Control), A166942

464 P3d 1141

Jerry B. Hodson, Judge.

Zachary Lovett Mazer, Deputy Public Defender, argued the cause for appellant. Also on the opening brief was Ernest G. Lannet, Chief Defender, Office of Public Defense Services. David Jackson LaRue filed the supplemental brief *pro se*.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

In 16CR73753, reversed and remanded; in 17CR26529, affirmed.

## PER CURIAM

In the first of these consolidated cases, case number 16CR73753, defendant was found guilty of first-degree rape constituting domestic violence, first-degree sexual abuse constituting domestic violence, second-degree sexual abuse constituting domestic violence, and fourth-degree assault constituting domestic violence by nonunanimous jury verdicts. ORS 163.375; ORS 163.427; ORS 163.425; ORS 163.160. In a second case, case number 17CR26529, he appeals a conviction for tampering with a witness, ORS 162.285, but raises no assignments of error on appeal concerning that conviction. Defendant argues that the trial court's acceptance of nonunanimous verdicts in the first case constitutes plain error under the Sixth and Fourteenth Amendments to the United States Constitution. In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1397, 206 L Ed 2d 583 (2020), the Court concluded that nonunanimous jury verdicts violated the Sixth Amendment, and that the "Sixth Amendment's unanimity requirement" is "incorporated against the States under the Fourteenth Amendment." In *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised discretion to correct that error in light of the gravity of the error and because failure to raise the issue in the trial court did not weigh heavily against correction as the trial court would not have been able to correct the error under controlling law.

The state concedes that the trial court's acceptance of nonunanimous verdicts in the first case constitutes plain error. For the reasons set forth in *Ulery*, we exercise our discretion to correct the error. Our disposition obviates the need to address the merits of defendant's remaining argument, which involves an unpreserved challenge to a ruling admitting an exhibit, or defendant's *pro se* supplemental assignments of error.

In 16CR73753, reversed and remanded; in 17CR26529, affirmed.