Submitted May 29, reversed and remanded June 17, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHAN DAVID HANSON,
aka Jonathan David Hansen,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR37909; A170014

464 P3d 1153

David F. Rees, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Kistler, Senior Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant was convicted of unlawful use of a vehicle based on a nonunanimous jury verdict. The jury also convicted defendant by a nonunanimous verdict of possession of a stolen vehicle, which was merged with the conviction for unlawful use of a vehicle. ORS 164.135; ORS 819.300. Defendant contends that the trial court's acceptance of nonunanimous verdicts constitutes plain error under the Sixth Amendment to the United States Constitution. In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Court concluded that nonunanimous jury verdicts violate the Sixth Amendment. In *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised discretion to correct that error in light of the gravity of the error and because failure to raise the issue in the trial court did not weigh heavily against correction because the trial court would not have been able to correct the error under controlling law.

The state concedes that the trial court's acceptance of a nonunanimous verdict in this case constitutes plain error. For the reasons set forth in *Ulery*, we exercise our discretion to correct the error in this case. Our disposition obviates the need to address defendant's remaining arguments.

Reversed and remanded.