Argued and submitted February 12, 2019, reversed and remanded
June 17, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSIE CHAVEZ-ECHEVERRIA,
*Defendant-Appellant.*

Washington County Circuit Court
16CR32732, C152304CR;
A164920 (Control), A164922

466 P3d 1046

Janelle F. Wipper, Judge.

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and DeVore, Judge, and Aoyagi, Judge.*

PER CURIAM

Reversed and remanded.

_____
 * DeVore, J., *vice* Hadlock, J. pro tempore.

## PER CURIAM

Defendant was convicted by nonunanimous jury verdicts of attempted murder, ORS 163.155 and ORS 161.405, first-degree assault, ORS 163.185, unlawful use of a weapon, ORS 166.220, and third-degree assault, ORS 163.165. On appeal, defendant makes numerous arguments concerning alleged errors that occurred during trial and at sentencing. Defendant also argues that the trial court's acceptance of nonunanimous verdicts constitutes plain error under the Sixth Amendment to the United States Constitution. In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Court concluded that nonunanimous jury verdicts violated the Sixth Amendment. In *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised discretion to correct that error in light of the gravity of the error and because failure to raise the issue in the trial court did not weigh heavily against correction as the trial court would not have been able to correct the error under controlling law.

The state concedes that the trial court's acceptance of nonunanimous verdicts on each of the convictions in this case constitutes plain error. For the reasons set forth in *Ulery*, we exercise our discretion to correct the error in this case. Our disposition obviates the need to address defendant's remaining arguments.

Reversed and remanded.