Submitted December 10, 2019, reversed and remanded August 12, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LOIS JUNE CATRON,
*Defendant-Appellant.*

Malheur County Circuit Court
17CR71598; A167757

471 P3d 810

Lung S. Hung, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Defendant was convicted of theft of services, ORS 164.125, by nonunanimous jury verdict. On appeal, defendant argues that the trial court erred by denying her motion for judgment of acquittal on that count, and that the trial court's acceptance of nonunanimous verdicts constitutes plain error under the Sixth Amendment to the United States Constitution. In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the United States Supreme Court concluded that nonunanimous jury verdicts violate the Sixth Amendment. In *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constitutes plain error. Further, the Supreme Court exercised its discretion to correct that plain error because of its gravity and because failure to raise the issue in the trial court did not weigh heavily against correction. Even if the issue had been raised, the trial court would not have been able to correct the error under Oregon law as it existed at that time.

First, we reject without discussion defendant's assignment of error related to her motion for a judgment of acquittal. Second, the state concedes, and we agree, that the trial court's acceptance of nonunanimous verdicts on each of the convictions in this case constitutes plain error. For the reasons set forth in *Ulery*, we exercise our discretion to correct the error in this case.

Reversed and remanded.