Submitted November 19, reversed and remanded December 9, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LENNY YENER,
*Defendant-Appellant.*

Marion County Circuit Court
18CR79941, 16CR68642;
A170249 (Control), A170250

477 P3d 470

Thomas M. Hart, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

In the first of these consolidated cases, defendant was convicted by a nonunanimous jury verdict of felony strangulation constituting domestic violence. ORS 163.187. In the other case, defendant's probation on a conviction for driving under the influence of intoxicants was revoked based on his conviction in the strangulation case. On appeal, defendant makes numerous arguments concerning alleged errors that occurred during trial and at sentencing. Defendant also argues that the trial court's acceptance of a nonunanimous verdict for strangulation constitutes plain error under the Sixth Amendment to the United States Constitution. In *Ramos v. Louisiana*, 590 U.S. ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Court concluded that nonunanimous jury verdicts violated the Sixth Amendment. In *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised its discretion to correct that error in light of the gravity of the error and because failure to raise the issue in the trial court did not weigh heavily against correction, as the trial court would not have been able to correct the error under controlling law.

The state concedes that the trial court's acceptance of the nonunanimous verdict in the strangulation case constitutes plain error, and that the probation revocation judgment should be reversed as well as it was based on the strangulation conviction. For the reasons set forth in *Ulery*, we exercise our discretion to correct the error. Our disposition obviates the need to address defendant's remaining arguments.

Reversed and remanded.