Submitted December 1, 2020; convictions on Counts 2 and 5 reversed and remanded, remanded for resentencing, otherwise affirmed January 13, 2021

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## FREDERICK HAROLD WALKER, JR.,
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR07737; A170951

479 P3d 348

Charles M. Zennaché, Judge.

Bear Wilner-Nugent filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Convictions on Counts 2 and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted of two counts of second-degree sexual abuse, ORS 163.425 (Counts 2 and 5), by nonunanimous jury verdict. He was also convicted of delivery of methamphetamine to a minor, ORS 475.890(3) (Count 6), by a unanimous jury verdict.[1] Defendant appeals the judgment of conviction regarding Counts 2 and 5, contending that the trial court erred under the Sixth Amendment to the United States Constitution when it refused to instruct the jury that a guilty verdict must be unanimous and that the trial court plainly erred by entering convictions on Counts 2 and 5 based on the jury's nonunanimous verdicts. Defendant asks us to reverse the judgment and remand for retrial as to Counts 2 and 5 and for resentencing.

In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the United States Supreme Court concluded that nonunanimous jury verdicts violated the Sixth Amendment. In *State v. Ulery*, 366 Or 500, 501, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised its discretion to correct that error in light of the gravity of the error and because failure to raise the issue in the trial court did not weigh heavily against correction because the trial court would not have been able to correct the error under controlling law.

The state concedes that because the convictions on Counts 2 and 5 were not the result of a unanimous verdict, those convictions should be reversed. We agree and accept the state's concession and for the reasons stated in *Ulery* exercise our discretion to correct the error.

Convictions on Counts 2 and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[1] The jury acquitted defendant of three sexual abuse counts and two methamphetamine delivery counts; on the state's motion, the trial court dismissed one count of tampering with a witness. On appeal, defendant has not challenged the conviction on Count 6.