Argued and submitted April 30, 2019; in Case No. 17CR13508, reversed and remanded; in Case No. C142666CR, convictions on Counts 1 through 3 and 5 through 12 reversed and remanded, remanded for resentencing, otherwise affirmed February 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDGAR MINOR-OSUNA,
*Defendant-Appellant.*

Washington County Circuit Court
C142666CR, 17CR13508;
A165265 (Control), A165266

481 P3d 358

Beth L. Roberts, Judge.

Meredith Allen, Deputy Public Defender, argued the cause for appellant. Also on the opening brief and a reply brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. Edgar Minor-Osuna filed the supplemental brief and a reply brief *pro se*.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and DeVore, Judge, and Aoyagi, Judge.*

PER CURIAM

In Case No. 17CR13508, reversed and remanded. In Case No. C142666CR, convictions on Counts 1 through 3 and 5 through 12 reversed and remanded; remanded for resentencing; otherwise affirmed.

_____

  * DeVore, J., *vice* Hadlock, J. pro tempore.

## PER CURIAM

In these consolidated criminal cases, defendant appeals two judgments, entered following a jury trial, convicting him of a total of 15 sexual crimes against a child victim. On all but one of the counts, the jury's verdicts were nonunanimous. Defendant contends, among other things, that, under the Sixth Amendment to the United States Constitution, the court plainly erred in entering judgments of conviction based on nonunanimous verdicts.[1]

In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the United States Supreme Court held that nonunanimous jury verdicts violate the Sixth Amendment. In *State v. Ulery*, 366 Or 500, 501, 464 P3d 1123 (2020), the Oregon Supreme Court held that a trial court's acceptance of a nonunanimous verdict constituted plain error. The court exercised its discretion to correct the error because the error was grave and because a ruling to the contrary was foreclosed by the law that controlled when the trial court made its decision, and, thus, the defendant's failure to raise the issue in the trial court did not weigh heavily against correction of the error on appeal. *Ulery*, 366 Or at 504.

Here, the state concedes that the trial court's acceptance of nonunanimous verdicts constitutes reversible error. We agree and, for the reasons stated in *Ulery*, 366 Or at 504, reverse and remand as to all of the convictions based on nonunanimous verdicts.

Defendant does not contend that *Ramos* requires us to reverse the single conviction on which the jury returned a unanimous verdict (Count 4 in Case No. C142666CR), nor would such an argument succeed, in light of the Oregon Supreme Court's holding in *State v. Kincheloe*, 367 Or 335, 339, 478 P3d 507 (2020), in which the court affirmed two convictions based on unanimous guilty verdicts where, after being instructed incorrectly that only 10 jurors needed to agree on a verdict, the jury returned nonunanimous guilty

---

[1] We reject without discussion defendant's contentions raised in his supplemental brief.

verdicts on one charge but returned unanimous guilty verdicts on two charges.

Thus, on that conviction, we must consider defendant's contention that the trial court erred in excluding testimony about a conversation between defendant and the victim that another witness overheard. We conclude that, even if the trial court erred as defendant contends, the error was harmless as to that conviction, which, among other things, related to conduct to which defendant had admitted. Thus, we affirm defendant's conviction on Count 4 in Case No. C142666CR.

Our disposition, which includes a remand for resentencing, makes it unnecessary for us to address defendant's second assignment of error, in which he challenges the court's imposition of restitution to the Crime Victims' Compensation Fund.

In Case No. 17CR13508, reversed and remanded. In Case No. C142666CR, convictions on Counts 1 through 3 and 5 through 12 reversed and remanded; remanded for resentencing; otherwise affirmed.