Submitted March 4; conviction on Count 2 reversed and remanded, remanded for resentencing, otherwise affirmed March 24; petition for review denied July 8, 2021 (368 Or 347)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANGEL ALEXANDER NEGRON,
*Defendant-Appellant.*

Washington County Circuit Court
19CR02972; A171946

483 P3d 1259

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Belais, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Weston Koyama, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was found guilty by a unanimous jury on one count of first-degree robbery, ORS 164.415 (Count 1), and by a nonunanimous jury on one count of unlawful use of a weapon, ORS 166.220 (Count 2). On appeal, defendant argues that the trial court plainly erred in instructing the jury it need not be unanimous, and in entering a nonunanimous verdict on Count 2. Defendant also argues that the court plainly erred in failing to strike portions of the prosecutor's rebuttal argument, in failing to give a curative instruction, and in failing to order a mistrial.

With respect to defendant's unpreserved claims about the prosecutor's closing argument, we agree that the argument was improper. The prosecutor argued as follows:

> "[PROSECUTOR:]  In order for you to acquit [defendant], you would have to go back to the jury room and decide, 'Okay. When we're evaluating the testimony and all the evidence in the case, even though the statements [defendant] made to the police were not testimony,' right, you would have to decide, 'We believe him over [the victim].'

> "In other words, 'We think [the victim] is either lying or mistaken,' even though he took the witness stand and took an oath and told you, 'This is how it went down,' crystal clear, unimpeached. And instead of that, 'We believe what this guy who is a thief and is a documented liar claimed when the cops stopped him. We find that more credible than this.'"

That argument is problematic for several reasons, most significantly because it may have impermissibly suggested to the jury that it could draw an adverse inference from defendant's exercise of his constitutional right not to testify. However, that the prosecutor's comment had that effect cannot be said to be "obvious" and "not reasonably in dispute" so as to be grounds for reversal in this unpreserved posture. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991).

With respect to the nonunanimous jury issues, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal of both convictions. Subsequent

to the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained in *State v. Flores Ramos* that a nonunanimous jury instruction was not a structural error that categorically required reversal in every case. 367 Or 292, 319, 478 P3d 515 (2020). When the jury's verdict was unanimous despite the nonunanimous instruction, such erroneous instruction was "harmless beyond a reasonable doubt" with respect to the unanimous verdicts. *Id.* at 329. We therefore affirm defendant's conviction on Count 1. With respect to the nonunanimous verdict on Count 2, the state concedes that this constitutes reversible error. We agree. For the reasons set forth in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), we exercise our discretion to correct the plain error and, therefore, reverse and remand the conviction as to Count 2.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.