Submitted March 8; conviction on Count 3 reversed and remanded, remanded for resentencing, otherwise affirmed April 21, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRYON LLOYD AKINS,
*Defendant-Appellant.*

Washington County Circuit Court
18CR58266; A170923

485 P3d 313

Eric Butterfield, Judge.

Bear Wilner-Nugent filed the brief for appellant. Byron Lloyd Akins filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted of seven counts of first-degree unlawful sexual penetration and seven counts of first-degree sexual abuse. On one of those convictions—Count 3—the jury returned a nonunanimous verdict. Defendant argues that the trial court plainly erred when it entered a judgment of conviction on Count 3. The state concedes that the court plainly erred. That is, under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the court's instruction and acceptance of the nonunanimous verdicts was error. Further, in *State v. Ulery*, 366 Or 500, 503-04, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised its discretion to correct that error. Consequently, we accept the state's concession and agree that the trial court plainly erred and, for the reasons set forth in *Ulery* (gravity of the error and the trial court would not have been able to correct the error had the error been raised), we exercise our discretion to correct the error.

Defendant raises an additional assignment of error in supplemental briefing. We reject it without written discussion.

Conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.