Submitted September 29, 2020; convictions on Counts 1 and 2 reversed and remanded, remanded for resentencing, otherwise affirmed May 5, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN VINCENT SCHOONOVER BUSH,
*Defendant-Appellant.*

Washington County Circuit Court
18CR27886; A169566

486 P3d 49

Beth L. Roberts, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Ingrid A. MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Convictions on Counts 1 and 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted of second-degree assault, ORS 163.175 (Count 1), and attempted second-degree theft, ORS 161.405(2)(e); ORS 164.045 (Count 2), by nonunanimous verdicts. He was convicted of interference with making a report, ORS 165.572 (Count 3), and second-degree criminal trespass, ORS 164.245 (Count 4), by unanimous verdicts. On appeal, he assigns error to the trial court's acceptance of the two nonunanimous verdicts; he also assigns error to the court's admission of certain hospital records, arguing that they were inadmissible hearsay.

The state concedes that the court's acceptance of the nonunanimous verdict on Count 1 constitutes plain error. We accept the state's concession and, for the reasons set forth in *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020), we exercise our discretion to correct the error. We also conclude, for the reasons set forth in *State v. Heine*, 310 Or App 14, 21, 484 P3d 391 (2021), that the trial court's acceptance of a nonunanimous verdict on Count 2—a Class B misdemeanor—constitutes plain error. We likewise exercise our discretion to correct that error, again for the reasons expressed in *Ulery*.

Finally, the parties agree that the hospital records at issue in defendant's first assignment of error relate primarily to Count 1 and perhaps to Count 2. Because the record as to the admission of those documents will likely develop differently on remand, our disposition of Counts 1 and 2 obviates the need to address defendant's first assignment of error.

Convictions on Counts 1 and 2 reversed and remanded; remanded for resentencing; otherwise affirmed.