Submitted on remand from the Oregon Supreme Court March 26, 2019, reversed and remanded June 16, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BALTAZAR GARCIA-ROCIO,
*Defendant-Appellant.*

Washington County Circuit Court
C122337CR; A154601

489 P3d 1053

In *State v. Garcia-Rocio*, 286 Or App 136, 399 P3d 1009 (2017), the Court of Appeals concluded that the trial court failed to demonstrate that it had engaged in the OEC 403 balancing process as explained by *State v. Mayfield*, 302 Or 631, 733 P2d 438 (1987). The court, therefore, reversed and remanded defendant's convictions for one count of first-degree rape, ORS 163.375 (Count 4); two counts of first-degree sexual abuse, ORS 163.427 (Counts 5 and 6); and one count of first-degree sodomy, ORS 163.405 (Count 7). Subsequently, the Supreme Court allowed the state's petition for review, vacated that decision, and remanded with an instruction to reconsider it in light of *State v. Anderson*, 363 Or 392, 423 P3d 43 (2018). On remand, defendant provided two supplemental assignments of error, arguing that the court plainly erred by giving a nonunanimous jury instruction and that that error is structural. *Held*: On remand, the Court of Appeals reversed Counts 6 and 7 for the reasons expressed in *State v. Ulery*, 366 Or 500, 503-04, 464 P3d 1123 (2020), and rejected defendant's structural error argument for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 319, 334, 478 P3d 515 (2020). Furthermore, in light of *Anderson*, the trial court erred by failing to make a sufficient record that indicates that it engaged in OEC 403 balancing.

Reversed and remanded.

On remand from the Oregon Supreme Court, *State v. Garcia-Rocio*, 363 Or 677, 427 P3d 1087 (2018).

Thomas W. Kohl, Judge.

Peter Gartlan, Chief Defender, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the supplemental brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael S. Shin, Assistant Attorney

General, filed the opening brief for respondent. Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, filed the supplemental brief for respondent.

Before Tookey, Presiding Judge, and Egan, Chief Judge, and Aoyagi, Judge.

EGAN, C. J.

Reversed and remanded.

**EGAN, C. J.**

In *State v. Garcia-Rocio*, 286 Or App 136, 399 P3d 1009 (2017), we concluded that the trial court failed to demonstrate that it had engaged in the OEC 403 balancing process as explained by *State v. Mayfield*, 302 Or 631, 733 P2d 438 (1987).[1] We therefore reversed and remanded defendant's convictions for one count of first-degree rape, ORS 163.375 (Count 4); two counts of first-degree sexual abuse, ORS 163.427 (Counts 5 and 6); and one count of first-degree sodomy, ORS 163.405 (Count 7).[2] The Supreme Court has vacated our decision, instructing us to reconsider it in light of *State v. Anderson*, 363 Or 392, 423 P3d 43 (2018). *State v. Garcia-Rocio*, 363 Or 677, 427 P3d 1087 (2018). Defendant has filed supplemental briefing on remand, assigning error to the trial court's nonunanimous jury instruction and acceptance of nonunanimous verdicts on two counts. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We reverse and remand on Counts 6 and 7 on the *Ramos* claims of error, and we remand on Counts 4 and 5 for the trial court to conduct OEC 403 balancing on the record, consistent with *State v. Baughman*, 361 Or 386, 393 P3d 1132 (2017).

In his first supplemental assignment of error, defendant argues that the trial court plainly erred in giving a nonunanimous jury instruction for all counts, and that the error constitutes structural error, which requires reversal of all counts. We reject that structural error argument for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 319, 334, 478 P3d 515 (2020). In his second supplemental assignment of error, defendant argues that the trial court plainly erred by accepting nonunanimous verdicts for one count of sodomy in the first degree (Count 6), and one count of sexual abuse in the first degree (Count 7). We agree, and for the reasons expressed in *State v. Ulery*, 366 Or 500, 503-04, 464

---

[1] OEC 403 provides, in part, that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."

[2] Defendant was additionally charged with first-degree rape (Count 1); and two counts of first-degree sexual abuse (Counts 2 and 3). However, during trial, the state moved to dismiss Counts 1 through 3, and the court granted the motion.

P3d 1123 (2020), we exercise our discretion to reverse and remand defendant's convictions on Counts 6 and 7.

Having reversed and remanded Counts 6 and 7, we now address defendant's OEC 403 claims of error in relation to the counts that remain, Counts 4 and 5. "In reviewing a trial court's application of OEC 403, we begin by summarizing all of the evidence and procedure related to the trial court's ruling." *State v. Kelley*, 293 Or App 90, 91, 426 P3d 226 (2018). In this case, those facts are either procedural or undisputed for purposes of this appeal.

Defendant is the father of R, who, at the time of trial, was 26 years old. R alleged that defendant sexually abused her and raped her three times when she was between the ages of eight and 11 years old. According to R, defendant stopped abusing her after she began menstruating. Shortly thereafter, Crescensio—R's uncle and defendant's brother—began to sexually abuse and rape her. Crescensio admitted to police that he had sexually abused R and some of her siblings. Because of R's allegations, the police began investigating the matter and arranged for a video-recorded interview of defendant at a police station. Several portions of that video are the subject of this appeal.

During the interview, Detective Anderson, with the assistance of an interpreter, first asked defendant questions about Crescensio's case and defendant's "side of what's going on." Defendant answered questions about where his children slept before saying "you guys are accusing [Crescensio] of stuff without having any proof." Anderson replied, "It sounds like you're concerned about your brother. You know, obviously you're at the sheriff's office. Before we go any further, I want to make sure you're aware of your rights, that spring out while we're asking questions about things that your brother did with your case." Anderson read defendant his *Miranda* rights. Defendant's interview continued, and defendant and Anderson continued to discuss Crescensio's case. Eventually, the officer began questioning defendant about R's allegations that defendant had also abused and raped her. Subsequently, defendant was indicted for multiple sex crimes.

Before trial, the state filed a memorandum in which it noted that defendant objected to four portions of the recorded police interview on relevance grounds. The court held a hearing on the admissibility of those portions of the video evidence. At the hearing, regarding the first portion of the video, in which defendant had not been *Mirandized*, defendant argued that that portion should be excluded because *Miranda* rights were required. Alternatively, defendant argued that the first portion of the video was irrelevant, or, even assuming that it was relevant, that its unfair prejudicial effect substantially outweighed its probative value. As to its potential prejudicial effect, defendant argued:

> "[T]he jury could infer if [defendant] doesn't believe [Crescensio's] guilty or *** if he believes that the children are lying, that somehow makes him a bad person, makes him a bad dad, makes him a person that wouldn't protect the children from someone that was trying to abuse them, and that that portion isn't relevant for the State proving whether or not, on the occasions alleged in the indictment, [defendant] was the actor for the rape, sex abuse, and sodomy."

The state argued that the first portion of the video was relevant because,

> "[a]t the time of this interview, the defendant was aware of the victim's allegations that he sexually abused her. The defendant's claim that there is no proof of Crescensio's sexual abuse reflects a desire to diminish [R's] credibility and avoid giving such allegations of sexual abuse any legitimacy.
>
> "The defendant's responses are also probative in that they reflect the defendant's state of mind as to the issue of 'lack of evidence' in child abuse investigations. The issue of 'lack of evidence' reappears later in the defendant's interview. The initial portion of the interview places the subsequent conversations in a clearer context."

The court admitted the first portion of the interview without any reference to relevancy or weighing the unfair prejudicial effect of that evidence against its probative value. Rather, the court expressly ruled only on the *Miranda* issue, stating:

"* * * I'm going to allow those statements, he—you know, he was in custody, but I don't think the questioning—I don't think you can attribute the questioning to the police that they were expecting some type of incriminating statement from him, so those are going to be allowed."[3]

As to the second and third portions of the video, defendant argued that those portions of the evidence were irrelevant, and alternatively, that "it's more prejudicial than probative for the jury to hear that information." The state responded generally that the evidence it sought to admit was relevant to R's credibility, to defendant's state of mind, and to put other evidence in context. The state never specifically addressed the prejudicial impact of the evidence against defendant, or how it might be balanced against the probative value.[4] In regard to the second and third portions of the video, the court ruled, "I'm going to allow those statements," without any further discussion.

Finally, regarding the fourth portion of the video, defendant argued that that evidence did not have anything to do with his guilt or innocence, and that he did not believe that it was "relevant to whether he acted on those dates and sexually abused [R]." Defendant asserted that his argument that the evidence was irrelevant was "a little stronger" as to the fourth portion of the video. In addition to his relevance argument, defendant, again, argued that the evidence was also "more prejudicial than probative." The court ruled that the fourth portion of the video was inadmissible because that evidence "brings in a different topic." Thus, the court admitted the first three portions of the interview and excluded the fourth. Defendant's trial began shortly thereafter. The jury returned guilty verdicts on Counts 4 through 7.

On appeal, relying on *Mayfield*, defendant argues that the trial court erred in admitting the three portions of the video interview because it "failed to balance the probative value of that evidence against its prejudicial impact."

---

[3] Defendant does not challenge the trial court's *Miranda* ruling on appeal.

[4] This is not to imply that the state had a preservation obligation—as the respondent on this issue, it did not. Rather, the significance of the scope of the state's arguments below, as we will discuss, relates to what we may presume from the record that was before the trial court when it ruled.

Defendant also reprises his arguments that the court should have excluded the evidence as irrelevant. We reject defendant's relevancy arguments without discussion. However, as we will explain, the trial court erred in admitting all three portions of the disputed evidence because "the record here lacks any indication that the court weighed the probative value of the contested evidence against its prejudicial effect." *State v. Garcia*, 294 Or App 328, 337, 431 P3d 426 (2018).

The Supreme Court has noted that *Mayfield* "provides valuable guidance for trial and appellate courts on the meaning and application of OEC 403." *Anderson*, 363 Or at 404. In *Mayfield*, the court explained that there are generally four steps in ruling on an OEC 403 objection.

> "In making [a] decision under OEC 403, the judge should engage in four steps. First, the trial judge should assess the proponent's need for the uncharged misconduct evidence. In other words, the judge should analyze the quantum of probative value of the evidence and consider the weight or strength of the evidence. In the second step the trial judge must determine how prejudicial the evidence is, to what extent the evidence may distract the jury from the central question whether the defendant committed the charged crime. The third step is the judicial process of balancing the prosecution's need for the evidence against the countervailing prejudicial danger of unfair prejudice, and the fourth step is for the judge to make his or her ruling to admit all the proponent's evidence, to exclude all the proponent's evidence or to admit only part of the evidence."

302 Or at 645. The Supreme Court clarified in *Anderson*, however, that *Mayfield* "does not set out a checklist that trial courts must mechanically tick off on the record or risk reversal." *Anderson*, 363 Or at 404.

> "Rather, [*Mayfield*] identifies the factors a trial court should consider in exercising its discretion under OEC 403, and it recognizes that the record should reflect that the trial court exercised its discretion in resolving the objection. [*Mayfield*, 302 Or] at 645. Beyond that, however, *Mayfield* provides little guidance as to how or to what extent the record should reflect the trial court's exercise of discretion."

*Id*. In *Anderson*, the Supreme Court concluded that, although "the trial court did not expressly assess the probative value of the [evidence] and the danger of unfair prejudice, nor did it expressly balance those two concepts[,] *** [c]onsidering the trial court's statements in light of the parties' arguments," the record sufficiently reflected "that the trial court balanced the probative value" of the evidence "against its prejudicial effect." *Id*. at 408-09.

Here, the trial court implicitly denied defendant's OEC 403 objections to the first three portions of video evidence by ruling that the evidence would be admitted. The trial court, however, never referred to balancing, or what considerations it weighed in ruling on those objections. As the Supreme Court discussed in *Anderson*, in some circumstances, the record might be sufficient, even without any express reference by the trial court, to determine that the trial court did engage in the balancing aspect of an OEC 403 analysis.

Defendant argues that the trial court erred by failing "to balance the probative value of the evidence against its prejudicial impact." The state responds that "[d]efendant did not preserve his argument that the trial court failed to make an adequate record demonstrating that it had performed the balancing required by OEC 403." Specifically, the state contends that defendant did not "alert the trial court to his claim that it was required to make a better record when it admitted the three portions of [the] challenged evidence. Nor did [defendant] argue that the trial court had, in fact, failed to balance the probative value against the potential for prejudice."

The state made a similar argument in *Anderson*. The state argued "that defendant's failure to object to the sufficiency of the trial court's explanation at trial is a complete bar to his raising that issue on review," citing *Peeples v. Lampert*, 345 Or 209, 191 P3d 637 (2008), in which the Supreme Court "held that normal preservation rules apply to findings required for meaningful appellate review." "In the state's view, defendant's failure to object to the sufficiency of the trial court's explanation of its OEC 403 ruling precluded him from raising that issue on appeal." *Anderson*,

363 Or at 409. The *Anderson* court did not fully resolve that issue, because it concluded that "the trial court's explanation of its OEC 403 ruling complied with *Mayfield* and" *State v. Turnidge (S059155)*, 359 Or 364, 443, 374 P3d 853 (2016), *cert den*, ___ US ___, 137 S Ct 665, 196 L Ed 2d 554 (2017).

Similarly, in *Garcia*, we addressed the state's argument that the defendant had not preserved an OEC 403 objection at all, but we did not directly address whether the defendant was required to preserve a specific argument that the trial court did not make a sufficient record of balancing, or that the trial court had failed to conduct the balancing altogether. Nevertheless, we did conclude that the trial court had erred by failing to engage in balancing at all.

Confronting that issue squarely here, we conclude that, when a party has made an objection under OEC 403, the trial court's task in conducting that OEC 403 analysis includes balancing the probative value of the evidence against the danger of unfair prejudice, and that an OEC 403 objection alone can be sufficient under some circumstances, as here, to preserve a claim that the trial court failed to engage in balancing at all.

"Ultimately, the preservation rule is a practical one, and close calls * * * inevitably will turn on whether, given the particular record of a case, the court concludes that the policies underlying the rule have been sufficiently served." *State v. Parkins*, 346 Or 333, 341, 211 P3d 262 (2009). Defendant was required to present his argument clearly enough to give the "trial court the chance to consider and rule on a contention." *Peeples*, 345 Or at 219. "[T]he absence of a request for further explanation [is] a factor that [bears] on the sufficiency of the explanation that the trial court provided." *Anderson*, 363 Or at 410.

There is some slippage between the state's and defendant's description of the error at issue, which is significant. Defendant assigns error to the trial court's failure to exclude each piece of contested evidence, specifically arguing that the court erred as a matter of law by failing to engage in OEC 403 balancing. The state argues, in part, that defendant failed to preserve his argument that the

trial court failed to make a sufficient record of its balancing. We understand the relevant portion of defendant's argument, however, to be that the trial court failed to engage in the balancing task that is the core of an OEC 403 ruling. Defendant made an OEC 403 objection, which was a request for an OEC 403 ruling—that is, it was a request for balancing. The trial court did rule, but as discussed below, gave no indication that it had engaged in balancing, nor, as we will discuss, can we conclude from the record that it implicitly did so. In those circumstances, no further action was required to preserve defendant's argument on appeal.[5]

Turning to the merits, we conclude that the trial court failed to engage in the balancing task that is the core of a proper OEC 403 analysis, and that defendant requested by making an OEC 403 objection.

The Supreme Court "has not held that a trial court must recite on the record how it evaluated the probative and prejudicial value of evidence and how it balanced the two. Rather, as *Turnidge* and *Anderson* demonstrate, "a court will make a sufficient record under *Mayfield* if the trial court's ruling, considered in light of the parties' arguments, demonstrates that the court balanced the appropriate considerations." *Anderson*, 363 Or at 406. The Supreme Court has "reversed a trial court's OEC 403 ruling when, among other issues, the record" revealed that "the trial judge did not engage in a weighing process at all." *Id*. at 405. "Similarly, when a trial court incorrectly viewed the challenged evidence as irrelevant and failed to consider whether the evidence was 'unfairly prejudicial,'" the Supreme Court "reversed a trial court's OEC 403 ruling excluding the evidence." *Id*. at 406.

With that standard and those cases in mind, the *Anderson* court concluded that the record in that case was

---

[5] The Supreme Court's discussion in *Anderson* of *Turnidge*, *State v. Johanesen*, 319 Or 128, 873 P2d 1065 (1994), and *State v. Barkley*, 315 Or 420, 846 P2d 390, *cert den*, 510 US 837 (1993), suggests that the lack of a specific objection that the record was not sufficient would not render such a claim of error unreviewable as unpreserved. Rather, it would be one consideration in determining whether the record sufficiently demonstrated that the court engaged in balancing. When, as here, the record is devoid of any indication that the trial court engaged in balancing at all, that consideration is not dispositive.

sufficient to determine that the trial court had balanced the probative value of the evidence against the danger of unfair prejudice. The Supreme Court started its analysis by reviewing the parties' arguments, specifically noting that both parties "focused on the probative value of the booking video, the danger of unfair prejudice, and the balance that the court should strike." *Id*. In response to the parties' arguments, the trial court expressly asked to watch the booking video twice, to help it "decide the balancing issue." *Id*. at 407. Although the trial court stated only that the evidence was "relevant," when it made its ruling, the *Anderson* court explained that

> "in light of the parties' arguments, * * * the record demonstrates that the trial court assessed the probative value of the booking video. The probative value of evidence is a function of two variables: the degree to which evidence is relevant to prove or disprove an issue and the extent to which that issue is material to the resolution of the case."

*Id*. The court agreed that sometimes "'relevant' will mean only that the evidence has a minimal tendency to prove or disprove an issue in a case," but that it can also serve as a "shorthand way of describing the trial court's agreement with the state that the video was very relevant to prove a central issue in the case." *Id*. at 408. Thus, the Supreme Court concluded that "the trial court's statement [was] sufficient for us to conclude that it balanced the probative value of the booking video against the danger of unfair prejudice." *Id*.

By contrast, in *Garcia*, we held that the trial court committed reversible error because "[t]he record * * * lack[ed] any indication that the court weighed the probative value of the contested evidence against its prejudicial effect." 294 Or App at 337. In *Garcia*, the defendant argued that the evidence at issue would be "unfairly prejudicial." In response, the state focused only on the probative value of the evidence, and did not address the risk of unfair prejudice. *Id*. at 336. We noted that the court's conclusion that the evidence was "relevant" merely reflected the state's argument—focusing exclusively on the probative value— and we concluded that there was no indication that the court

went beyond determining that the evidence had probative value. *Id.* at 336-37. That is, there was no indication in the record, even taking into consideration the context provided by the parties' arguments, that the trial court had engaged in balancing of the probative value of the evidence against the dangers of unfair prejudice.

Here, as in *Garcia*, the record does not indicate that the trial court considered and weighed the evidence's potential prejudicial effects against its probative value. For the first identified portion of the video, the court addressed only whether those statements should be excluded on *Miranda* grounds, and otherwise simply ruled that they would be admitted. Concerning the second and third portions, defendant argued, among other things, that those portions were "more prejudicial than probative." The court simply ruled that it would "allow those statements." This case is not one in which we can, as in *Anderson*, determine from the record that the trial court engaged in balancing. Here, the state made only relevance arguments, defendant made multiple arguments for excluding the evidence, the trial court never referred to balancing or otherwise indicated that it was going to engage in balancing or had engaged in balancing, and it simply ruled that the evidence would be admitted. We conclude that, here, there is no indication that the court weighed the probative value of the contested evidence against its prejudicial effect as is required by OEC 403.[6]

Although a factor in our determination is whether the defendant "raise[d] any issue at trial regarding the sufficiency of the court's explanation of its ruling," that factor is not dispositive. *See Anderson*, 363 Or at 409-10 (concluding that the "absence of a request for further explanation was a factor that bore on the sufficiency of the explanation that the trial court provided"); *see also Garcia*, 294 Or

---

[6] The record addressing the fourth portion of the video, which the trial court determined to be inadmissible because that evidence "brought in a different topic," likewise does not demonstrate that the court performed OEC 403 balancing. Here, unlike in *Anderson*, the prosecutor made no arguments pertaining to the unfair prejudice of the evidence, nor did the court make any implicit or express indication that it was conducting any balancing. Instead, the court appeared to have been tracking defendant's relevance argument and excluded the fourth portion of the video on that ground.

App at 336 ("The record here lacks any indication that the court weighed the probative value of the contested evidence against its prejudicial effect."). A trial court faced with an OEC 403 objection errs if the record does not indicate that the court engaged in balancing. "We cannot presume that the trial court consciously conducted OEC 403 balancing whenever the record shows that it was asked to do so and that the court provided a ruling on the motion to exclude[.]" *Garcia-Rocio*, 286 Or App at 145-46.

We must next determine whether the admission of the videotape was harmless. We conclude that it was not, for the reasons explained in our previous opinion. *Id.* at 146.

Therefore, consistent with *Baughman*, we reverse and remand defendant's convictions on Counts 4 and 5 for the trial court to conduct balancing under OEC 403. *See Garcia*, 294 Or App at 333 ("[W]e must reverse and remand for the trial court to reevaluate the probative value of the evidence and balance it against the risk of unfair prejudice."). We reverse Counts 6 and 7 and remand for further proceedings as required by *Ramos*, 590 US at ___, 140 S Ct at 1394-97.

Reversed and remanded.