Submitted September 3; reversed and remanded for resentencing, otherwise affirmed October 27, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADRIAN JAMES ULERY,
*Defendant-Appellant.*

Polk County Circuit Court
17CR79026; A174500

498 P3d 353

Monte S. Campbell, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded for resentencing; otherwise affirmed.

**PER CURIAM**

After defendant was convicted by a nonunanimous jury on two counts of first-degree sexual abuse, the Supreme Court reversed the convictions under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), and remanded the case to the trial court. *State v. Ulery*, 366 Or 500, 501, 464 P3d 1123 (2020). On remand, defendant and the state entered a plea deal, under which defendant agreed to plead guilty to the lesser-included offense of attempted first-degree sexual abuse on one of the counts, and the state agreed to dismiss the other count. Defendant and the state also stipulated to an upward departure sentence of 60 months' incarceration. And they agreed that, at the hearing on the plea, the issue was whether defendant "should get good time and earned time credit and those things or not."

Sixty months—five years—is the statutory maximum sentence for a conviction for defendant's offense of conviction, a Class C felony. *See* ORS 163.427(2); ORS 161.405(2)(c); ORS 161.605(3). The trial court nonetheless imposed a five-year term of post-prison supervision (PPS), making defendant's total sentence 10 years, five years more than allowed under law. On appeal, defendant—who did not raise the issue below—contends that the court plainly erred in imposing a too-long sentence, and that we should reverse and remand for resentencing. The state concedes the error, but argues that the remedy, should we exercise our discretion to correct the error, should be a "remand for resentencing with instructions to vacate the 60-month PPS term."

We exercise our discretion to correct the error and reverse and remand for resentencing. In so doing, we note that the discussions on the record reflect that all parties contemplated that defendant would serve a term of PPS in addition to the stipulated term of incarceration, and did not seem cognizant of the fact that that would result in a sentence that exceeded the applicable statutory maximum for a Class C felony. We leave it to the trial court and the parties in the first instance to ascertain a sentence that comports with both the parties' agreement and the legal limitations on sentencing.

Reversed and remanded for resentencing; otherwise affirmed.