Submitted December 2, 2021; convictions on Counts 4 and 5 reversed and remanded, remanded for resentencing, otherwise affirmed January 12, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER RYAN HOPPE,
*Defendant-Appellant.*

Grant County Circuit Court
19CR34904; A173942

501 P3d 559

W. D. Cramer, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, and Mooney, Judge, and DeVore, Senior Judge.

PER CURIAM

Convictions on Counts 4 and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted after a jury trial of unauthorized use of a vehicle (Count 3), unlawful entry into a motor vehicle (Count 4), and first-degree criminal trespass (Count 5).[1] The jury returned a unanimous verdict on Count 3 and nonunanimous verdicts on Counts 4 and 5. On appeal, defendant raises five assignments of error. We reject his first assignment without discussion. In his remaining four assignments, he contends that the trial court plainly erred when it received the jury's nonunanimous guilty verdicts on Counts 4 and 5, that the trial court erred in instructing the jury that it could return nonunanimous verdicts, and that the trial court erred when, after instructing the jury that it could return nonunanimous verdicts, it received the jury's unanimous guilty verdict on Count 3.

The state concedes, and we agree, that the trial court erred in giving a nonunanimous jury instruction and in accepting nonunanimous jury verdicts on Counts 4 and 5, which necessitates reversal and remand of those two counts. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (Sixth Amendment requires that the jury be unanimous to convict a criminal defendant of a serious offense); *State v. Ulery*, 366 Or 500, 501, 464 P3d 1123 (2020) (concluding that trial court's acceptance of a nonunanimous verdict constituted plain error and exercising discretion to correct that error). The Oregon Supreme Court has held, however, that providing a nonunanimous jury instruction is not a structural error that requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319-20, 478 P3d 515 (2020). Here, because the verdict on Count 3 was unanimous, the error was harmless as to that count. *Id.* at 329.

Convictions on Counts 4 and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[1] Defendant was acquitted of two counts of first-degree theft (Counts 1 and 2).