Argued and submitted May 11; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed; supplemental judgment reversed and remanded June 8, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BREANNA MARIE SCHUSTER,
aka Breanna Schuster,
*Defendant-Appellant.*

Coos County Circuit Court
19CR24172; A173204

512 P3d 474

Martin E. Stone, Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed. Supplemental judgment reversed and remanded.

## PER CURIAM

Defendant appeals a judgment of conviction for one count of first-degree arson, ORS 164.325 (Count 1), one count of first-degree burglary, ORS 164.225 (Count 2), one count of first-degree criminal mischief, ORS 164.365 (Count 3), and one count of first-degree theft, ORS 164.055 (Count 4). Defendant was found guilty of Count 1 by a nonunanimous jury verdict and was found guilty of Counts 2 through 4 by unanimous jury verdicts. Defendant also appeals a supplemental judgment imposing $40,290 in restitution on Count 1.

On appeal, defendant raises six assignments of error. We reject defendant's first through third assignments of error, and her sixth assignment of error, without discussion. We write to address defendant's fourth and fifth assignments of error.

In her fourth assignment of error, defendant contends that the trial court plainly erred in instructing the jury that it could convict her by nonunanimous verdict, and that that error requires reversal of Counts 1 through 4. Defendant acknowledges that in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), the Supreme Court held that a nonunanimous jury instruction does not a require reversal where the jury returned a unanimous guilty verdict—as is the case here in Counts 2 through 4—but argues *Flores Ramos* was wrongly decided. In her fifth assignment of error, defendant contends that the trial court plainly erred by accepting a nonunanimous guilty verdict on Count 1.

In response, citing *Flores Ramos*, the state concedes that the trial court erred in instructing the jury that it could convict defendant by nonunanimous verdicts but argues that that error was harmless with respect to Counts 2 through 4 because those verdicts were unanimous. The state also concedes that, under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the conviction on Count 1 must be reversed, and the case must be remanded.

For the reasons stated in *Flores Ramos*, we reject defendant's argument that reversal is required as to Counts 2 through 4, for which the jury returned unanimous verdicts.

367 Or at 319. With regard to Count 1, we agree with and accept the state's concessions, exercise our discretion to correct the errors for the reasons set forth in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), and we therefore reverse defendant's conviction on Count 1 and the supplemental judgment awarding restitution on Count 1.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed. Supplemental judgment reversed and remanded.